MORRISO, Defendant in Error, v. PHILLIBER, Plaintiff in Error.

1. Inadequacy of consideration for the conveyance of land is not, of itself, a sufficient ground of relief, unless it is so gross as to raise a presumption of fraud.

2. Where a person, owning real estate of the value of three thousand five hundred dollars, but who had no knowledge of its value, was illiterate, being able neither to read nor write, was induced by a person, in whom she had confidence and who acted in a double capacity as agent for both parties, to dispose of said real estate to another for seventy-five dollars; *held*, that the transaction was stamped with fraud, and the facts would warrant a decree setting aside the conveyance on the ground of fraud.

*Error to St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*D. C. Woods*, for plaintiff in error, cited the following authorities: 12 Mo. 157; 14 Mo. 580; 17 Mo. 209, 228; 19 Mo. 423; 23 Mo. 188, 579; 24 Mo. 167; 19 Ves. 131; 11 Wheat. 125; 2 Sto. Eq. § 697; 3 Ves. 368; 11 Ves. 535; 2 Jac. & Walk. 391; Story on Ag. 14.

*B. A. Hill*, for defendants in error.

I. The inadequacy of consideration is such in this case as to shock the moral sense of any man, and amount in itself to conclusive and decisive evidence of fraud. (Sto. Eq. § 246; 9 Ves. 246; 10 Ves. 219; 2 Madd. Ch. 556; Jacob, 280; 16 Ves. 512; 1 Brown's Ch. 9; 2 Johns. Ch. 1, 23; 14 Johns. 527.) There are other circumstances in the case; Julie's ignorance, the peculiar relations between her and Mulholland, servant and master. In such case, the gross inadequacy of price must necessarily furnish the most con-

clusive presumption of fraud. (2 Ves. sr., 516; 14 Ves. 273.) Mulholland was the agent for both Julie and the buyer. (2 Camp. 203; 5 B. & Ald. 333; Sto. Eq. § 210; White & Tudor's Lea. Ca. in Eq. 129, 141.)

EWING, Judge, delivered the opinion of the court.

The defendant in error, Julie Morriso, filed her bill to set aside a deed. executed by her to Philliber for certain real estate in the city of St. Louis, which she alleges was procured by fraud. There was a decree accordingly, and the title to the property vested in the plaintiff. The defendant filed his motion for a new trial, which being overruled, he brings the cause to this court by writ of error. The cause was tried under the practice act of 1849, and there was a finding of facts by the court. And the question for our consideration is, whether the facts as found were warranted by the evidence, and, if so, authorized the conclusion of law and the judgment of the court thereon.

It was admitted by the parties and the court found that Moses Yeina married Julie Morriso on the 1st January, 1858, and that the lot in question, on the corner of Green and Fifth streets, was worth the sum of five thousand dollars on the 13th March, 1850; that Henry T. Baccus was the agent of James K. Philliber at the time of procuring of said deed from Julie Morriso to Philliber on the 13th March, 1850; and from the evidence in the cause the court found that said Julie, on the 11th March, 1837, was an infant of the age of fourteen years; that said Julie, on the 13th March, 1850, was a widow, living in the state of Michigan, where she had lived ever since she left St. Louis, which was about the year 1837, except a year or so that she lived at Fort Wayne, Indiana; that William Morriso, her first husband, was then dead; that at the time of the execution of said deed by Julie to Philliber of the 13th March, 1850, one Samuel Mulholland acted as the agent of said Julie for the sale of her interest in said premises, described in deed of 13th March, 1850, to Philliber, and at the same time acted as the agent of said

Philliber in making the purchase of said premises—the said Mulholland having been employed by said Baccus, who was the agent of defendant; that said Julia had been a servant for said Mulholland in his family before the said time, and was greatly under his influence and control; that Mulholland received from defendant's agent, Baccus, on behalf of the defendant, the sum of twenty-five dollars for procuring the said Julie to make the said deed to defendant, and paid over to said Julie as the consideration of said deed, the sum of seventy-five dollars; that the said Julie was ignorant of the value of said lot of land; had no correct knowledge thereof; could not read or write, and had lived near said Mulholland's place in Michigan from the time she was sixteen years old (except a short time at Fort Wayne) until the year 1850; that at the time of the negotiation for the execution of said deed, Mulholland, acting as the agent for both parties, represented to said Julie that the premises might be sold for taxes and that would embarrass the title, and did not disclose to her the value of her interest in said lot before the execution of said deed of March, 1850; that said deed was procured by the agents of defendant from said Julie, and she executed the same for a grossly inadequate consideration. Upon these facts the deed was declared void and a decree rendered; reserves truly the title to the property in the plaintiff, and that she pay into court the sum paid her for the execution of the deed.

After a careful examination of the evidence we are satisfied it fully sustains the finding of the court. Of the gross inadequacy of the consideration there can be no question, and whether it is so excessive as of itself, or in connection with other circumstances proved, to entitle the plaintiff to the relief sought, is the only other question to be considered. No precise rule has established what the disparity must be between the price paid and the value of the thing bought in order to invalidate a contract on this ground; but courts of justice are left to apply the principles of equity to each case according to its particular circumstances. Where the relief

asked consists in rescinding or setting aside an executed contract, it is said that the inequality of the price to be sufficient for this purpose must be so excessive as to be demonstrative of fraud. Although mere inadequacy of consideration is not deemed a sufficient ground of relief of itself, it may be so gross as to amount to conclusive evidence of fraud. But where there are ingredients in the case of a suspicious nature or peculiar relations between the parties, gross inadequacy of price must necessarily furnish the most vehement presumption of fraud. (1 Story Eq. § 211.)

What are the facts on this point? The value of the property in question is admitted by the parties to have been, at the time of the transaction in 1850, five thousand dollars; the interest of the plaintiff in the property was eleven-sixteenths, and the price paid by Philliber was seventy-five dollars. Her interest then being worth some three thousand five hundred dollars, she received for it about one forty-fifth part of its value.

If we could suppose cases of greater inadequacy of consideration, it would not be easy to imagine one which would be more revolting to conscience or furnish a more conclusive presumption of fraud and imposition. Lord Thurlow, in Gwyne v. Heaton, 1 Broc. C. 9, said, that to set aside a conveyance there must be an inequality so gross and manifest that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it. In Butler v. Haskell, 4 Dess., 697, Judge Dessaussure, after a review of the English and American cases on the subject, says, he considers " the result of the great body of the cases seems to be, that, wherever the court perceives that a sale of property has been made at a grossly inadequate price, such as would shock a correct mind, this inadequacy furnishes a strong and, in general, a conclusive presumption, though there be no direct proof of fraud, that an undue advantage has been taken of the ignorance, the weakness, or the distress and necessity of the vendor; and this imposes on the purchaser a necessity to remove this

violent presumption by the clearest evidence of the fairness of his conduct; and the relief is given by the court either by refusing to enforce the contract, or by setting it aside altogether, according to the circumstances of the case."

This case appears to come clearly within that degree of gross inadequacy which, in the decided cases that have been examined, furnished a presumption of fraud and vitiated the contract.

There are other circumstances which, with the smallness of price, must be conclusive, and fully sustain the decree of the circuit court. It was found by the court, and we think upon sufficient evidence, that Mulholland was the agent of both the contracting parties. He was acting in conjunction with Baccus for Philliber, the defendant, and was to receive a compensation from him for his services in procuring the conveyances; and the amount of this compensation, as the evidence shows, depended in some measure upon the price for which he could purchase the property. So that he was not only the agent for both parties in a transaction in which their interests were in conflict, but had an interest in the matter adverse to the plaintiff. It further appears that the plaintiff was ignorant and illiterate; could neither read nor write; had no knowledge of the value of the property, and that this was not disclosed to her before the sale; that her estimate of its value was evidently influenced by the agent's representations respecting tax sales, and that the relation that formerly existed between them and the confidence it inspired induced on her part an unsuspecting acquiescence in his suggestions and advice in the transaction.

Judgment affirmed; the other judges concurring.