Frei v. Vogel.

GEORGE FREI, Appellant, *v.* JOHN C. VOGEL, Respondent.

40 149.
38a 633

*Replevin—Bond—Damages—Practice.*—A party who makes himself the principal in a replevin bond, although not the plaintiff in the suit, will be liable to have judgment entered against him as principal. A stranger taking the property out of the hands of the sheriff by an action for the delivery of personal property, will be liable, if he fail to show title, for the whole value of the property taken out.

*Appeal from St. Louis Circuit Court.*

*E. C. Kehr,* for appellant.

*Krum, Decker & Krum,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought by the plaintiff against the defendant, who was sheriff of St. Louis county, under the statute for the claim and delivery of personal property.

It appears from the record that Julius Winkelmeyer recovered judgment against John Wagner, and that execution was issued on said judgment and placed in the hands of the defendant, and that he levied upon and seized a team, consisting of a wagon, two horses, and a set of harness, found in the possession of Wagner, to satisfy the execution. After the levy and seizure, the plaintiff claimed the property as his, and instituted proceedings in the Circuit Court, in conformity with the statute, to obtain possession of the same. Upon his giving bond, the court made the necessary order, and the property was delivered to him. A trial was had before a jury, and, after hearing the evidence, the jury declared by their verdict that the pretence of title set up to the property by the plaintiff was fraudulent, and that it was *bona fide* the property of Wagner. The jury found the value of the property to be $350, and also assessed damages in favor of defendant for the sum of $50. All the damages were remitted, and the court rendered judgment in favor of the defendant, and against the plaintiff and the securities on his bond, for

the sum of $350, the value of the property, which was not sufficient to pay off and satisfy the execution. All the evidence offered was admitted and all the instructions asked were given on both sides, and no exceptions were taken to any ruling of the court.

It is objected that the judgment is erroneous because it was entered against one Jamm, who is alleged to have been the agent of the principal, as well as the principal and the sureties on the bond. The bond is executed with Jamm as principal and two other persons as sureties, and he does not purport to act as agent, but binds himself expressly as principal.

The statute enacts that if the plaintiff fails to prosecute his suit with effect, and have the property in possession, the court or jury shall assess the value of the property, and that judgment shall go against the plaintiff and his securities. This is predicated on the supposition that the plaintiff will generally be on the bond as principal, but there is nothing exonerating another person from liability if he sees proper to bind himself personally as a principal. It is perhaps sufficient to say that Jamm did not appeal from the judgment, and no very cogent reason is perceived why the plaintiff should be more solicitous about his interests than he appears to be himself.

It is further objected that the assessment was erroneous, being for the value of the property, when it should only have been for the interest of Vogel, he not being the real owner. Vogel had a special interest in the property, and the plaintiff was an entire stranger to it, as was conclusively found by verdict. Vogel was then entitled to the whole value, and he was answerable to Winkelmeyer, the plaintiff in the execution, for the amount—Dilworth v. McKelvey, 30 Mo. 147; Fallon v. Manning, 35 Mo. 271.

Judgment affirmed. The other judges concur.