IRA BOUTELL, Appellant, *vs.* MARINUS W. WARNE, Respondent.

1. *Replevin on executory agreement will not lie.*—Where there is only an agreement to sell, and the sale is not executed, an action for the possession cannot be maintained. The proper remedy in such case would be an action for damages arising out of the breach of the contract.

2. *Replevin—Verdict for defendant—Judgment for full value, when improper— Rights of parties, how adjusted.*—In replevin, based on a claim of purchase, where the jury find the right of possession to be in defendant, and it appears that plaintiff paid part of the consideration, judgment for defendant for the full value of the property is improper. It should be for the amount to which defendant would be entitled in view of all the facts of the case (such as instalments of purchase money, received by him, etc). The statute touching claim and delivery of property was intended to make a complete and satisfactory adjustment in that action of all the rights of the parties.

3. *Replevin—Land deeded in part consideration for goods—Cure in title after suit brought, proof of, admissible, when.*—In replevin for goods, for the purchase of which land had been deeded as part of the consideration, and it appeared that there was a slight defect in the title which was removed after suit brought, but before the trial, *held*, that evidence of such reform of title was competent.

*Appeal from St. Louis Circuit Court.*

*G. W. Bailey*, for Appellant.

The court erred in refusing to permit plaintiff to show, by proper documentary evidence, that since this action was instituted the title of the lot had been perfected by plaintiff. (Wash. R. P.. 3 ed., vol. 3, p. 276–7; Pierce vs. Hall, 41 Barb., 142–144; Id., 277, 278; Crowley vs. Wallace, 12 Mo., 143; 3 Cow., 75; Irvine vs. Irvine, 9 Wall., 617; Poole vs. Fleeger, 11 Pet., 185, 211; Shumate vs. Reavis, 49 Mo. 333, 336; Ware vs. Johnson, 55 Id., 500; Carter vs. Mills, 30 Id., 440, 443; Union Bank vs. Maynard, 51 Id., 548; Mitchel vs. Handfeldt, 33 Id., 431–439; Thornton vs. Miskimmon, 48 Mo., 219–222; Jackson vs. Bull, 5 Johns. R., 309; Jackson vs. Raymond, 1 Johns. Ca., 85 [fn]; Heath vs. Ross, 12 Johns. Ca., 140; Jackson vs. Bard, 4 Johns. Ca., 230; Jackson vs. Davenport, 20 Johns. R., 536, 551.

*Krum & Madill*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action, under the statute for the claim and delivery of personal property, to recover the possession of a stock of merchandise. The plaintiff gave a bond and was put in possession.

From the record it appears, that on the 9th day of April, 1873, plaintiff and defendant entered into a written contract at St. Louis, whereby the stock of goods in question was sold to plaintiff by the defendant, for the sum of ten thousand dollars, defendant guaranteeing that the actual cost price of the goods was the sum of thirteen thousand five hundred dollars. Payments were to be made by plaintiff part in land and part in cash, as follows: One lot of business property in Kansas City was to be taken at its appraised cash value, to be free and unincumbered, and the method of appraisement was provided for. The remainder was to be paid in two instalments, one thousand dollars in cash, and the balance in fifteen days after the completion of the inventory. The contract then provided for an inventory of the goods at the expense and under the direction of plaintiff, the vendee, and provided that if the goods were not up to the guaranteed cost price, there should be no breach of the contract, but a corresponding reduction of the amount of the purchase money only. Possession was not to be given plaintiff, except for the purpose of taking an inventory, until he had fully complied with the condition on his part. Sales of the goods were to be continued in the store where the goods were, at plaintiff's expense, and the proceeds were to be applied in reducing the amount of the purchase money.

The plaintiff paid to the defendant one thousand dollars at the time the agreement was drawn up and signed. The lot at Kansas City was appraised at $4,800, but it seems there was some difficulty about the title. Defendant, however, finally received a deed for the same, and gave the plaintiff a receipt therefor, in which it was expressed that the $4,800, at which it was valued, was to be applied to a credit on the goods. He also acknowledged the receipt of a check

for $975 and $25 in cash, which, if the check was honored, was also to be applied in payment of the contract. Plaintiff then, at the request of the defendant, made the deed to Mary A. Warne, the defendant's daughter, but there was a mistake in the deed, the property being described as situated in St. Louis county instead of Jackson county. This deed was offered in evidence by the plaintiff, and excluded by the court. This error was not discovered till after the suit was brought, but when it was found out plaintiff made a new deed rectifying the error, and had it recorded in the proper county. This was also offered in evidence by the plaintiff, and ruled out.

It is claimed that the defect in the title, which was a right of dower in a small portion of the premises, was cured after this suit was begun, and deeds were offered in evidence to prove that fact, but the court excluded them.

Plaintiff further offered to prove, that defendant's daughter Mary had conveyed the lot to one Burchard, in satisfaction of a debt due from defendant to Burchard, and that the latter was, at the time of the trial, in possession under the conveyance. This evidence the court rejected.

There was a tender by the plaintiff, before the institution of the suit, of the sum of three thousand dollars, which the defendant refused to accept, and which, it was alleged, with the previous payment and the real property, made up the whole value due the defendant for the goods. There was a controversy as to whether the goods had ever been delivered to the plaintiff after the inventory was completed, and this was the sole issue upon which the court submitted the case to the jury.

For the defendant an instruction was given, that the plaintiff could not recover unless he had shown in evidence, to the satisfaction of the jury, that at the time he began his suit he was entitled to the immediate and exclusive possession of the stock of goods in question.

For the plaintiff the court gave the converse of this proposition, and declared, in substance, that if, after the inventory

of the stock of goods, the defendant surrendered possession thereof to the plaintiff, and the plaintiff took the same, or if, from the evidence, it was shown that the plaintiff complied with all the conditions on his part of the contract for the sale of the goods, or complied to the satisfaction or acceptance of the defendant, before the institution of the suit, then the verdict should be for the plaintiff. All the instructions of the plaintiff in reference to the conveyance of the real property, were rejected.

There was a judgment against the plaintiff and his sureties on the bond, for the full value of the goods. The judgment is right upon the simple theory upon which the case was submitted.

Where there is only an agreement to sell, and the sale is not executed, an action for the possession cannot be maintained ; the proper remedy would be an action for damages arising out of the breach of the contract. Whilst an agreement is executory, an action of replevin will not lie. If the plaintiff had not conformed to and fulfilled the stipulations of his agreement, and no delivery had been made, then he had no such present property in the goods as would enable him to maintain an action for the possession. In this regard the finding of the jury is conclusive against him. But it often happens, that a party has a title and valuable interests in chattels when he is not entitled to possession. In such cases the main difficulty is in fixing the measure of damages, where he has unlawfully obtained the possession. In the present case the judgment for the defendant is for the full value of the goods, without in anywise accounting for the amount he had received on them.

In the case of Dilworth vs. McKelvy (30 Mo., 149). Judge Napton, in speaking for the whole court on the question here involved, said: "Our statute provides, that if the plaintiff fails to prosecute his action with effect, and has the property in his possession, the value of the property shall be assessed by the court or the jury, and the damages for the detention. The judgment, in the event of a verdict for the de-

fendant, is directed to be for a return of the property or the payment of its assessed value, at the election of the defendant, and for damages and costs. We are not of opinion, that this statute intended the entire value of the property to be assessed, except where the defendant is the absolute owner. Where the defendant has only a special interest in the property, the jury, or court, should assess the value of that interest. To assess the absolute value in such cases would lead to manifest injustice. * * * * It may happen in a suit of this kind, brought by the general owner of property against one who claims a special interest in it, that the defendant's interest in the property expires or is extinguished after the suit is brought and before judgment. In such an event, the Supreme Court of Massachusetts held in one case that the judgment should be for costs only. It may happen, again, that the defendant is bailee of the property, entitled to its possession for a limited period, which has not expired when the suit is tried. In such a case the value of the defendant's interest should be assessed, and the judgment should be for that value, or for the return of the property into the defendant's possession, until his interest ceases. * * * * The judgment in each case must be modified by the circumstances, so that the merits of the controversy may be settled in one action. The statute is a general one, designed to meet all the exigencies which the old action of replevin did, and the equity of its provisions will embrace these qualifications of the forms in which judgments should be entered."

If we apply this reasoning and these principles to the case at bar, we do not think that this judgment can be sustained. It is conceded, that one thousand dollars was paid on the goods at the time the agreement was executed, and three thousand dollars more was tendered in full payment.

Now, as to the lot in Kansas City, although there was a slight defect in the title at the time the conveyance was made, which the plaintiff agreed to remove, and which might not have been removed at the time this suit was brought, still it was subsequently removed before the trial, so the defendant

was not injured thereby, at least only to a nominal extent. Again, if the plaintiff deeded the property to defendant's daughter, as his agent, and she conveyed the same to one of defendant's creditors, who took possession thereof and still holds the same, upon what principle of justice can defendant be allowed to retain the benefit of the property, and also keep the one thousand dollars, and then in addition recover the full value of the property. Suppose the defendant is insolvent, shall he be permitted to recover from the plaintiff and his sureties the entire amount that the goods were valued at, and then turn the plaintiff over for the protection of his rights to a separate and distinct action at law?

In such an action, although it could be shown that defendant had the one thousand dollars paid him, and that he had used the property in liquidation of his debts, yet where would be the plaintiff's means of obtaining satisfaction? Surely it would be inequitable to allow the defendant to receive full pay for his goods and retain besides what he has received from the plaintiff. As was said in Dilworth vs. McKelvy, our statute was intended to make a complete and satisfactory adjustment of all the rights of the parties in this action, which has not been done in this case. Our practice contemplates, that all matters between parties shall be finally determined in one suit where they grow out of the same transaction, and the case here is a strong instance illustrating its wisdom.

The court erred in rejecting testimony offered by the plaintiff, and its judgment will be reversed and the cause remanded. Judges Napton and Sherwood concur; Judges Vories and Hough absent.