LEWIS v. MASON, *Appellant.*

1. Auctioneers and Commission Merchants: LIEN FOR ADVANCEMENTS AND COMMISSIONS: RIGHT CF POSSESSION. An auctioneer and commission merchant who received, in good faith, and without the knowledge of any fraud, a consignment of clothing to be sold on commission, and on receiving one-half thereof advanced the consignor twenty-five hundred dollars on account, is entitled to the possession of the goods as against an attaching creditor of the vendor of the consignor, and he cannot be deprived of their possession either by the consignor, or a creditor of the consignor, until his advances, commissions, and charges are tendered him, and he is made whole.

2. ———— : REPLEVIN : AMOUNT OF RECOVERY. Where such goods were seized in the hands of the auctioneer by the sheriff, by virtue of a writ of attachment against the vendor of the consignor, and the auctioneer, by replevin, regained possession of them and sold them at auction, the amount of his recovery, under the judgment in the replevin suit, should have been measured by the sum total of his advancements, commissions, and charges, and the residue resulting from the sale,should have been adjudged to the defendant. (Norton, C. J., dissenting).

*Appeal from St. Louis City Circuit Court.*—HON. W. H. HORNER, Judge.

REVERSED AND REMANDED.

*Henry W. Bond* for appellant.

(1) Our statutory action of replevin was intended to effect a complete adjustment of the rights of the parties thereto. *Boutell v. Warne,* 62 Mo. 354; *Dougherty v. Cooper,* 77 Mo. 534. (2) Drawing of a check does not transfer or assign to the holder either a legal or equitable claim to so much of the fund as is called for by the check. *Bank v. Coats,* 79 Mo. 168; *Allen v. Bank,* 85 Mo. 173. (3) It is gross error to direct a verdict for plaintiff where there is evidence to sustain a valid defence. *Halliday v. Jones,* 59 Mo. 482; 1 Pattison's Digest, p. 322, secs. 77, 78. And this, although the case may have been tried by the court without a jury. *Ducrow v. Prior,* 53 Mo. 313. (4) The court should have referred the case, under proper instructions, to the jury, who were the sole triers of the facts set out in the bill of exceptions tending to establish defendant's rights to the property. (5) Whatever the court may have held to be the effect of the evidence, as to the notice to plaintiff of the fraud of Landecker and Levy, since that fraud was established by defendant's evidence, clearly, a judgment for the surplus in plaintiff's hands, after repayment of his advancement, should have been rendered for defendant.

*George M. Block* for respondent.

(1) (*a*) The rights of the parties in the property in controversy could not be apportioned in this suit. In a replevin suit where a stranger is a party, the special owner is entitled to a judgment for the entire

property. *Dilworth v. McKelvy*, 30 Mo. 154; *Boutell v. Warne*, 62 Mo. 350; Drake on Attach. (5 Ed.) pp. 204, 205, sec. 245. (*b*) Even if this were a proceeding in which the' equities could be settled, according to the rules in *Dilworth v. McKelvy*, *supra*, still there would be a fatal objection to the. application of the doctrine in this case. In this state the value of the property in controversy in a replevin suit must be fixed or determined as of the time of the trial of the cause. *White v. Storms*, 21 Mo. App. 288; *Chapman v. Kerr*, 80 Mo. 158; *Richey v. Burnes*, 83 Mo. 362. (2) The instruction to find a verdict for plaintiff was properly given: (*a*) Because, where the goods are assigned to an auctioneer or commission merchant, and come into his possession, he has a lien upon the property to secure his charges, expenses, commissions, or advancements. Jones on Pledges, sec. 8, p. 7; Bateman on Auctioneers (1 Am. Ed.) side page 228, page 259; Story on Agency (9 Ed.) sec. 27, p. 30. The contract between plaintiff and Landecker was binding and complete when the goods were delivered to plaintiff and plaintiff received the goods for sale at auction; and in addition thereto, and as a further consideration, were a further consideration necessary to make the agreement binding and irrevocable, the giving of the check to Landecker furnished such consideration. R. S. 1879, sec. 2502; 1 Wade on Attach., sec. 30, pp. 70, 71; *Montieth v. Printing Co.*, 16 Mo. App. 450. (*b*) Because not only had plaintiff a special ownership and interest in said property to the extent of his storage, expenses and commissions, to be earned as soon as the goods were delivered to him, but at the time of the delivery of the goods, he gave an advancement of twenty-five hundred dollars to Landecker. (*c*) Because, goods held in pledge cannot be attached or taken in execution in an action against the pledgeor. The creditor or officer acting for him, in making the attachment, cannot

acquire a greater interest in the property than that pos-
sessed by the pledgeor ; the pledgeor has strictly only
a right to redeem. Jones on Pledges, p. 295, sec. 372 ;
Drake on Attach. (5 Ed.) p. 204, sec. 245 ; *Baugh v.
Kirkpatrick*, 54 Pa. St. 84. (*d*) Because a bailor can-
not take property upon which the bailee has à lien,
without tendering the amount due, although the bailee
has demanded an excessive amount. *Montieth v.
Printing Co.*, 16 Mo. App. 450. (*e*) Because a power
of sale given in a pledge is an authority coupled with
an interest, and passes to the pledgee's representatives,
and such a power is not affected by an attachment of
the property in a suit against the pledgeor. Jones on
Pledges, p. 474, sec. 631 ; Drake on Attach. (5 Ed.) pp.
367, 368, sec. 453 *a ; Baugh v. Kirkpatrick*, 54 Pa. St.
84. (*f*) Because, the Revised Statutes of Missouri
direct and instruct the sheriff as to the manner of
serving a writ of attachment as follows : "IV. When
goods and chattels, money or evidences of debt, are
to be attached, the officer shall take the same and keep
them in his custody, if accessible ; and if not accessible,
he shall declare to the person in possession thereof that
he attaches the same in his hands, and summon such
person as garnishee." R. S. 1879, sec. 420.

NORTON, C. J.—This is a replevin suit to recover
from defendant the possession of certain goods, in which
plaintiff had judgment, from which defendant has
appealed, and assigns as the chief ground of error the
action of the court in giving, at the close of all the evi-
dence, an instruction to the effect, that, under the
evidence, the finding must be for the plaintiff.

The evidence tends to disclose the following state of
facts : That plaintiff, who was an auctioneer and com-
mission merchant in the city of St. Louis, on the twelfth
day of July, 1883, received into his possession from one
Landecker, the lot of mixed clothing, in controversy in

this suit, and to be sold by him on commission ; that, at the time he received them, Landecker exhibited to him an invoice or bill of sale of said goods, which was executed by one Levy, and that plaintiff, after the delivery to him, at his commission house, of one-half of the goods, and while the others were in course of delivery, advanced to said Landecker the sum of twenty-five hundred dollars, in a check drawn on the Bank of Commerce, and payable to the order of said Landecker, dated on the twelfth, and paid by said bank on the thirteenth, of July, being endorsed in blank by said Landecker. The evidence also tends to show that thereafter, on the twelfth of July, 1883, there came to the hands of defendant, sheriff of the city of St. Louis, three certain writs of attachment sued out by certain creditors of said Levy, and that, about two o'clock in the afternoon of said day, he levied said writs on the said stock of clothing in plaintiff's possession as the property of said Levy, and took the same into possession ; that, thereafter, under an order made in this suit for the delivery of the goods to plaintiff, he having given bond, they were returned to plaintiff, and were subsequently sold by him at public auction for the sum of four thousand four hundred dollars.

The evidence further tended to show that the goods sold by Levy to Landecker were worth about six thousand dollars, and that the consideration expressed in the bill of sale was twenty-five hundred dollars ; that Levy at that time was heavily in debt ; that, immediately after the sale, the goods were removed by Landecker to plaintiff's commission house in teams furnished by plaintiff for that purpose ; that, after the goods were delivered to plaintiff, and after he had advanced on the same twenty-five hundred dollars to Landecker, plaintiff was notified by an attorney of one of the plaintiffs in the attachment suits, that the sale by Levy to Landecker was made in fraud of his creditors.

The evidence tended further to show that, until more than half the goods had been delivered to plaintiff, and at the time he made the advancement, he did not know where the goods came from.

The undisputed facts in the case show that the goods in question were consigned and delivered by Landecker to plaintiff as an auctioneer and commission merchant, to be sold by him on commission, and that he advanced the sum of twenty-five hundred dollars on the same without notice or knowledge of the fraud between Levy and Landecker, if any such fraud there was. Under this state of facts, plaintiff had a right to the possession of the goods as against an attaching creditor; of which possession he could not be deprived either by the consignor or creditor of the consignor, till his advances, commissions, and charges were tendered him, and he was made whole. The principle here stated is supported by the following authorities: *Baugh v. Kilpatrick*, 54 Pa. St. 84; *Monteith v. Printing Co.*, 16 Mo. App. 450; Drake on Attach., pp. 204–5, sec. 245; Jones on Pledges, p. 295, sec. 372, and p. 474, sec. 631; Story on Agency, p. 30, sec. 27.

It appears that plaintiff had in his hands fourteen thousand four hundred dollars, the proceeds of the sale of the goods which, by virtue of an order made in this suit, had been taken from the possession of defendant. Under the judgment, plaintiff recovered the whole of said amount, and it is insisted that judgment for the surplus remaining in his hands, after deducting from the whole amount of the proceeds of the sale his advancement, commissions, and proper charges, should have been rendered for the defendant, and in support of this view we have been cited to the cases of *Dilworth v. McKelvy*, 30 Mo. 154; *Boutelle v. Warne*, 62 Mo. 354, and *Dougherty v. Cooper*, 77 Mo. 534–6. It is the opinion of a majority of the court, that the above cases sustain the contention, and that the point is well taken (to which I do

not agree) and that the amount of plaintiff's recovery should have been measured by the sum total of his advancement, commissions, and charges, and that the surplus remaining over should have been adjudged to the defendant.

Judges Sherwood, Ray, Black, and Brace are of the opinion that because such judgment was not rendered, that reversible error was committed, and it is hereby ordered that the judgment be reversed and cause remanded to be proceeded with in conformity with this opinion.

BLACK, J., CONCURRING.—We think it proper to make these additional remarks to the opinion filed in this cause: There is evidence tending to prove the following facts: Levy owned a stock of goods valued at six thousand dollars. He and Landecker combined together to defraud the creditors of Levy; and pursuant thereto, Levy sold the goods to Landecker for the agreed consideration of twenty-five hundred dollars on the twelfth of July, 1883. On the same day, Landecker turned the goods over to the plaintiff, an auctioneer and commission merchant, who advanced to Landecker thereon the sum of twenty-five hundred dollars. While the goods were being delivered to plaintiff, the defendant, as sheriff, seized them under the writs of attachment sued out by the creditors of Levy. Plaintiff then brought this suit of replevin, and under the writ got possession of the goods, and subsequently sold them for forty-four hundred dollars. The trial court directed a judgment for the plaintiff.

It is conceded that, in an action of replevin, if one party shows that he has a special interest in the property and the other has no interest therein, is an entire stranger, then the party having the special interest, as a lien thereon for advances, may recover the goods

without regard to the amount of his lien, and without ascertaining the amount of the advances. But the present is quite a different case. If, as between Levy and Landecker, on the one hand, and the creditors of Levy, on the other, the sale was fraudulent, then as to the creditors it was void. The sheriff, in defending his possession, under the writs of attachment, had a right to set up as he did, and to show that the sale was fraudulent, and, therefore, void. When he established the fraudulent character of the sale, he established his right to seize and hold the goods, subject to any advances made in good faith by the plaintiff. What, then, is the relation of the parties to this suit to the property in question? The sheriff for the creditors represents the general ownership; we say this because the attachments in amount cover the entire value of the goods. The plaintiff has a special interest to the extent of his advances, with a lien therefor on the property. Now the former decisions of this court establish the doctrine that when, in an action of replevin, it appears the parties to the suit have different interests in the property, their respective rights may be adjusted in the replevin suit. *Dilworth v. McKelvy*, 30 Mo. 149; *Frei v. Vogel*, 40 Mo. 149; *Gilham v. Kerone*, 45 Mo. 487; *Boutelle v. Warne*, 62 Mo. 353; *Dougherty v. Cooper*, 77 Mo. 535.

In the case first cited the suit was by the general owner of the property against a person claiming a lien on it. The verdict was for defendant, and then followed an assessment of the full value of the property in favor of the defendant. This court then said the judgment should have been for the value of the defendant's interest, or for a return of the property until that value was paid. It makes no difference whether the party having a special lien on the property is plaintiff or defendant in the replevin suit. In either case his rights can be adjusted. As said in the case of *Dilworth v. McKelvy, supra:* "The judgment in each case must be modified

Lewis v. Mason.

by the circumstances so that the merits of the contro-
versy may be settled in one action. The statute 'is a
general one, designed to meet all exigencies which
the old action of replevin did; and the equity of its
provisions will embrace these modifications of the forms
in which judgments should be entered." It is too late
to question the authorities before cited. The forms
prescribed in the statutes for judgments in replevin
suits apply where one party recovers, and as a result the
other is adjudged to have no interest whatever in the
property. Where, however, both parties have an inter-
est in the property, the judgment must be made to
conform to the rights of the parties, and these rights
may be adjusted in a replevin suit.

In the present case the plaintiff was entitled to
retain the amount of his advances and commissions;
and, after the payment of the costs of this suit, the
residue of the forty-four hundred dollars should be paid
to the sheriff. This, of course, on the theory that the
sale by Levy to Landecker was fraudulent. As the
rights of the parties may be adjusted in this suit, it
cannot be said that the sheriff was bound to tender the
advances to plaintiff before the seizure of the goods
under the writs of attachment. He had the right to
contest the amount and validity of the plaintiff's claim.
The only result of a failure to make the tender is, that
the costs of this suit must be paid by the defendant, as
the plaintiff's claim for his advances is a valid one. It
can make no sort of difference that Landecker is no
party to this suit. If the sheriff wrongfully seized his
property he has various remedies. The argument made
in the briefs, that the whole of the goods should be
returned to plaintiff, so that he may account to Lan-
decker, is no more than to say, that the property must
be returned to a fraudulent vendee and thus the fraudu-
lent scheme becomes ratified by the judgment of the
court. The law contemplates no such results, as we

think. Sherwood and Brace, JJ., concur and agree with me in these additional observations.

'NORTON, C. J., DISSENTING.—I do not concur in reversing the judgment because I do not understand the case of *Dilworth v. McKelvy, supra,* subsequently followed in the cases of *Boutelle v. Warne* and *Dougherty v. Cooper, supra,* to go any further than to declare that, as between a special and general owner of property involved in a replevin suit, their rights and equities may be adjusted, and that, when adjusted, such adjustment is final. The rule does not apply, and the opinion so states, when an entire stranger is a party, as I think the defendant in this case is. Landecker, the consignor of plaintiff and general owner, is not a party to the suit, and any judgment for that reason rendered against the plaintiff, based upon the fraud of Levy, would not bind him.