GEORGE D. PETERS *et al.*, Copartners Under Firm Name of COLUMBUS BUGGY COMPANY, Respondents,
v. FRANK FEATHERSTUN, Appellant.

St. Louis Court of Appeals, March 26, 1895.

1. **Sales**: CONSTRUCTION OF CONTRACT. A contract involved in this case is considered, and is held to constitute a contract of sale.

2. **Conditional Sale**: VALIDITY AS TO CREDITORS OF VENDEE. A conditional sale of goods delivered to the vendee is invalid as to his creditors, prior and subsequent, if the contract therefor is not recorded as required by our statutes.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

    O. L. Cravens and W. A. Alderson for appellant.

    Brunk & Ruark and Deatherage & Young for respondents.

BOND, J.—Action of replevin for certain buggies and harness. The answer is a general denial, and a claim of right to the possession as sheriff under writs of attachment against E. Wood. The case was tried before the court without a jury and judgment rendered for plaintiffs, from which judgment defendant appealed.

On the trial plaintiffs based their right to recover on two grounds: *First.* That the property replevied had not been sold to the defendant in the attachment writs, but had been delivered to him as agent. *Second.* That subsequently said defendant had resold the property to plaintiffs. Aside from the contradiction in these two positions, it need only be said as to the second that respondents expressly state in their brief in this court that such resale was nugatory, and is not relied upon to sustain the judgment in their favor. This limits the inquiry to the first ground upon which respondents base their right to recover in this action.

The appellant denies that there is any evidence to sustain the position of respondents in this respect. On this point the evidence for respondents was that the goods in dispute were acquired by E. Wood, the defendant in the attachment writs levied thereon, under the following order:

"Salesman, C. Wolverton.
"Columbus Buggy Co.,
"Kansas City, Mo.
"NEOSHO, Mo., 10—18, 1892.

"Please enter our order for the following, to be shipped via ——— on or about at once at the prices herein specified, and for which we agree to give our note upon receipt of invoice, payable as per terms below stated. This order is not subject to countermand.

(Here follows the list of the goods with description and prices.)

"TERMS:   4 months, with an ext. of 4 months on all goods remaining unsold, with another 4 months on all goods on hand at the expiration of eight months, 8 per cent. int. on last ext.

"All goods on hand, and the proceeds of all sales of goods received under this contract, whether the proceeds are in cash, notes or book accounts, we, as agents of Columbus Buggy Company, agree to hold the same in trust for the benefit of, and subject to the order of, Columbus Buggy Company, until we have paid in full, in cash, all our obligations of whatsoever nature now due, or yet to become due, to the said Columbus Buggy Company.   And the sale and disposition of all goods received under this contract it is hereby mutually agreed shall be made, and the proceeds thereof held by us, as the agents of said Columbus Buggy Company. The title to and ownership of all goods received or shipped under this contract shall remain vested in Columbus Buggy Company, but nothing in this clause to release us from making settlement and payment of our obligations as herein provided.

"No agreement or understanding with agents will be recognized, unless noted in the order.

"The conditions of guarantee published in our catalogue are hereby acknowledged as binding with reference to this order.                E. WOOD."

The evidence further tends to prove that this order was accepted by respondents who delivered the goods therein described, including those in dispute, to said E. Wood, and that the latter thereupon executed his note as called for in said contract, and placed the goods so received in his store for sale as a part of his general stock of merchandise as a merchant or trader.   Both by its terms, and the acts of the parties in giving effect thereto, the foregoing instrument was in legal construction a conditional sale, and should have been so declared

by the trial judge, as requested by the instructions to that effect offered by appellant. As the law now stands a conditional sale of chattels is good only, without record, between the parties and purchasers with notice. It is of no avail as to creditors prior or subsequent, unless put upon record as required by law. *Collins v. Wilhoit*, 108 Mo. 451; Acts of 1889, sections 5178 and 5180. Since the nature of the contract appeared from its terms and the evidence given by the plaintiffs, the court should have given judgment for the defendant, whose authority to hold the goods under writs of attachment against the vendee of the property was unquestioned. For the error in failing so to do the judgment will be reversed and the cause remanded with directions to enter judgment for defendant for the return of the property, or the payment of the amount of the attachment writs levied thereon. *Lewis v. Mason*, 94 Mo. 551. All concur.