M.. M. DIXON, Appellant, v. A. A. ATKINSON, Respondent.

Kansas City Court of Appeals, December 3, 1900.

1. **Replevin:** CHATTEL MORTGAGES: ATTEMPTED SALE: WAIVER: INSTRUCTIONS. Under the mortgage in question an attempt to sell a part or all of the·mortgaged property gave the

Dixon v. Atkinson.

mortgagee the right to replevin the same; but his assent to such attempted sale constitutes a waiver, and instruction fairly submitted these questions to the jury.

2. ———: ———: SECOND MORTGAGE: INSTRUCTIONS. Instructions fairly submitted to the jury the question whether a second mortgage covered the same property contained in the first, and thereby constituted a breach which would authorize replevin.

3. **Trial Practice:** INSTRUCTIONS GIVEN AND REFUSED. Where the instructions given as a whole fairly and fully present the case to the jury, it is immaterial whether the court refused other correct declarations of law.

4. **Replevin:** VERDICT: WAIVER: OBJECTION. Where the property is in plaintiff's possession, the jury should find its value and the damages; but since these matters are in the interest of the defendant, he can waive the same and accept the verdict as rendered and will be concluded by the judgment.

5. ———: ———: INTEREST OF PARTIES: OBJECTION. It would be improper for the jury in replevin in assessing the defendant's interest in the property to ignore the plaintiff's mortgage, and the jury should rightly adjust the respective interests of the parties; and where this is done, the verdict will be approved, though informal, unless prompt objection is made and exception saved.

Appeal from the Macon Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*R. S. Matthews* and *Otho F. Matthews* for appellant..

(1) A letting of the property to another to use and enjoy the benefits is a disposal of it, so as to render the mortgagor immediately liable for the purchase money secured by the mortgage, although by the terms of the mortgage the same has not otherwise become due and payable. 9 Am. and Eng. Ency. of Law, p. 540; Hill v. Sumner, 132 U. S. 124 and cases cited; Platt v. Railway, 99 U. S. 48 and cases

cited. "Disposal" and "Dispose of" as used in the chattel mortgage means to in any way part with the use to another. (2) Atkinson's testimony at page 83 is substantially "I agreed to pay Dixon the balance from what I made out of the restaurant," then having put it out of his power to perform this obligation by letting Croarkin have a mortgage and putting him in possession of goods and letting him use the furniture and fixtures was a disposal in the meaning of the mortgage which rendered him immediately liable for the purchase money, and a refusal to pay gave Dixon right to possession. Hill v. Sumner, 132 U. S. 124 and cases cited. (3) Where the plaintiff in replevin fails in his suit and has the property in possession, the court or jury should assess the value thereof. 2 McQuillins Pl. and Pr., sec. 1961; Clinton v. Stovall, 45 Mo. App. 642. (4) "A judgment for the return of property in a replevin suit under a verdict which fails to find the value of the property to be returned, is erroneous." 2 McQuillins Pl.. and Pr., sec. 1961; State ex rel. v. Dunn, 60 Mo. 64; Clinton v. Stovall, 45 Mo. App. 642; R. S. 1889, sec. 7489; R. S. 1899, sec. 4473. (5) The issues submitted on the pleadings in the case are the only questions that can be determined. Among these are who is entitled to the possession of the property. If defendant is entitled to the possession of the property the value must be determined by the jury. Equitable adjustments are not an issue in the case. Moffatt v. Conklin, 35 Mo. 453; Glass v. Gelvin, 80 Mo. 297.

*Robt. W. Barrow* and *Geo. R Jobson,* for respondent.

(1) The fact that the jury in their verdict finding for the defendant in replevin, where the property is in plaintiff's possession, failed to assess the value of the property as the

statute directs, will not vitiate the verdict, and the court may render a judgment for the return of the property to the defendant. Stroud v. Morton, 70 Mo. App. 647.. It was an error in nowise prejudicial to the plaintiff, and hence does not justify a reversal of the judgment. Puller v. Thomas, 36 Mo. App. 105 and cases cited. (2) Even though the verdict is irregular or erroneous, still the party can not be heard to complain unless he objected to the verdict when it was returned, and saved his exception to the action of the court thereon. Herring v. Corder, 49 Mo. App. 378; Puller v. Thomas, 36 Mo. App. 105; Menne v. Neumeister, 25 Mo. App. 300; Garth v. Caldwell, 72 Mo. 622; Clarkson v. Jenkins, 48 Mo. App. 221. (3) Plaintiff alleges in his petition and attempts to prove that defendant Atkinson had allowed the mortgaged property to go out of his possession and into the hands of John Croarkin. If this had been a fact the action would have been against Croarkin. Davis v. Randolph, 3 Mo. App. 454; Feder v. Abrahams, 28 Mo. App. 454; Broadwater v. Darne, 10 Mo. 277; Gulath v. Waldstein, 7 Mo. App. 66. (4) The defendant, however, filed a waiver, and thereby waived his right to such assessment, which estops the plaintiff from complaining that the defendant was not the recipient of all the privileges to which he was entitled. Stroud v. Morton, 70 Mo App. 651; Menne v. Neumeister, 25 Mo. App. 300; Herring v. Corder, 49 Mo. App. 378. The omission of the jury to find the value is not error. Shaffer v. Faldwesch, 16 Mo. 337. (5) It is the definitely settled law of this state that the successful party in an action of replevin can recover only the value of the interest in the property, when the other party has likewise a claim or interest therein, and the statute intends that a complete and satisfactory adjustment of all rights of the parties to the action shall be made. Baldridge v. Dawson, 39 Mo.

App. 528; Dodd v. Wilson, 26 Mo. App. 462; Hickman v. Dill, 32 Mo. App. 509; Dilworth v. McKelvey, 30 Mo. 149; Boutell v. Warne, 62 Mo. 350; Doughtery v. Cooper, 77 Mo. 528; Herring v. Corder, 49 Mo. App. 378; Cobbey on Replevin, secs. 1063-1064; Robertson v. O. E. Co., 146 N. Y. 20.  (6)  Dispose of.  The Am. and Eng. Ency. of Law defines dispose of as follows:  To alienate; to effectually transfer.  Am. and Eng. Ency. of Law, 703.  Dispose.  To alienate or direct the ownership of property.  1 Bouvier's Law Dic. (last Ed.), p. 593.

ELLISON, J.—Defendant mortgaged to plaintiff a lot of furniture and fixtures pertaining to a restaurant to secure an indebtedness he owed to plaintiff.  The mortgage permitted defendant to remain in possession until default, but contained conditions that defendant should not sell or offer to sell or dispose of the goods.  It contained also a condition that defendant should not allow an unreasonable depreciation of the property.  The judgment was for defendant.

There was a great deal of testimony taken at the trial covering the issues of fact and at its close many instructions were offered by each party.  An examination of these has satisfied us that they properly and fairly covered the issues upon which the jury was to decide.  There was evidence tending to prove that defendant did sell some part of the fixtures or furniture, particularly a restaurant stove.  There was. also evidence that he attempted to sell parts or all of the property.  This, alone, would have justified plaintiff's action.  But there was also evidence that plaintiff authorized or gave her consent to these sales and attempts to sell.  If she did it constituted a valid waiver of the conditions aforesaid.  The instructions put this hypothesis to the jury and we find no error.

But it is charged that defendant made a second mortgage on the property to a third party and put him in possession. This likewise, standing alone, was a violation of the conditions against a disposal of the property and would have justified plaintiff's action. But the evidence for defendant tended to prove that he only mortgaged the stock in the restaurant as distinguished from the fixtures and furniture and which was not included in the plaintiff's mortgage; and that he did not part with the possession of the property included in plaintiff's mortgage. This issue was also properly submitted to the jury.

In other words, the points made by plaintiff, though good in themselves, have been avoided by the testimony in behalf of defendant. As before stated, we consider the instructions given, regarded as a whole, including the issue of depreciation of value, as presenting the case fairly and fully. When such is the case we need not consider whether some of those offered by plaintiff and refused were correct declarations of law.

The most serious objection is that which is taken in this court to the verdict. It was as follows: "We the jury find for the defendant, and assess his damages and interest in property at three hundred dollars ($300), above debt due plaintiff."

Since the verdict was against plaintiff and since he had possession under his writ, the jury should have found the value of the property and the damages for the taking and detention. Sec. 4473, R. S. 1899. But these matters were in the interest of the defendant. The provision that the value of the property taken shall be assessed is that the defendant may exercise his right to an election to take the property itself or the value so assessed. He made formal waiver of this privilege and accepted the verdict, the judgment being entered so as to conclude him in the future.

The verdict shows that the jury considered the defendant's interest in the property, that is, its value, and his damages for the taking and detention, and deducted from the total the amount of defendant's indebtedness secured by the mortgage. It would have been improper and unjust for the jury to have considered that defendant's interest was the full value of the property unaffected by what he owed plaintiff and had conveyed the property to secure. Dodd v. Wilson, 26 Mo. App. 462. The jury, therefore, rightly adjusted the respective interests of the parties. We consider that the case of Stroud v. Morton, 70 Mo. App. 647, in a general way, supports these views.

But there is another consideration which has had some weight in leading us to disregard the informality and imperfection of this verdict and that is that plaintiff made no objection and took no exception thereto when it was rendered. Herring v. Corder, 49 Mo. App. 378. The judgment will be affirmed. All concur.