GASTON, Appellant, v. JOHNSON, Respondent.

**St. Louis Court of Appeals, April 12, 1904.**

1. **PRACTICE: Replevin: Instruction.** In an action for the possession of personal property, where the plaintiff claimed under a chattel mortgage and the defendant claimed under a contract of joint ownership with plaintiff, instructions presenting the opposing theories of the case were not erroneous in failing to specifically define what elements were essential to constitute joint ownership, when the plaintiff asked no instruction to that effect.

2. ———: ———: **Assessing Value of Property.** It is error in an action of replevin to assess the full value of the property involved against the plaintiff in favor of a prevailing defendant whose rights in such property are confined to special interest.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED AND REMANDED (*with directions*).

REYBURN, J.—This action for possession of a piano sold by plaintiff to defendant, in December, 1900, at stipulated price of one hundred and fifty dollars, originated before a justice, and a jury trial on appeal in the circuit court resulted in a verdict for defendant embodying a finding of its value at one hundred and twenty-five dollars, and one dollar damages, upon which judgment was rendered in her favor for its possession, or at her election, the recovery of that sum, the assessed value, and one dollar for taking and detention of the property.

It was conceded that defendant was entitled to credit upon the purchase price agreed on in total amount of fifty-seven dollars; but plaintiff asserted ti-

Gaston v. Johnson.

tle under a mortgage securing defendant's note for the purchase-money payable in monthly installments of five dollars each, in payment of which default had been made, and the defendant repudiated the legal execution of the note and mortgage, and set up a parol agreement contemporaneous with the contract of sale by the terms of which the vendor and vendees were converted into joint owners of the piano in the ratio of the aggregate paid by her toward full payment and the balance of purchase price due to him, and pursuant to which, if sold by him, she was to be reimbursed to extent of such proportionate interest. The testimony introduced tended to support the conflicting contentions of the opposing parties, the defendant, by her own statements and those of her adult daughter, asserting that the note and the unacknowledged mortgage relied on by plaintiff were thus signed by such daughter at direction of defendant, but without being read or understood, pending the absence of defendant's spectacles and in ignorance of the contents and purport of such instruments.

The instruction asked by plaintiff was refused and the court gave the following:

"1. The court instructs the jury that if they find from the evidence that defendant signed the note and mortgage in question or that her daughter with her consent signed her name to same, then you will find for plaintiff and that he is entitled to the possession of the piano in question, and assess his damages for the detention of the same at one dollar, unless you find in favor of the defendant under instruction No. 2 given.

"2. The court instructs the jury that if you believe from the evidence that on or about December 18, 1900, L. D. Gaston and Mrs. S. A. Johnson by mutual agreement became joint owners of the piano which is the subject of this action, then the court instructs you that the plaintiff can not maintain this action and therefore your verdict should be for the defendant."

1. The denunciation of these instructions are without just foundation, while they present the opposing theories of plaintiff and defendant concisely, the issues were neither numerous nor complex, and if plaintiff desired the jury specifically informed what elements were essential to constitute joint ownership of personalty within the legal signification, an appropriate instruction embodying such feature of the case should have been tendered, and would, doubtless, have been made part of the charge to the jury by the trial judge. No form of verdict appears to have been given the jury, and its error in finding the value of the property, which was not in dispute but admitted throughout, was a pardonable consequence. This court is not authorized to pass upon the weight of the evidence and so invade the domain of the jury, and the verdict has met the approbation of the experienced judge who presided at the trial and, reserving the exception following, is conclusive. The naked issue of the right to possession of the chattel was invoked, and the respective interests of the claimants were clearly developed at the trial, if indeed controverted. The rule has been long adopted in this State that in such actions it is erroneous to assess the full value of the property involved against the plaintiff in favor of a defendant prevailing, but whose rights in such property are confined to a limited or special interest. Lewis v. Mason, 94 Mo. 551; 5 S. W. 911, 8 S. W. 735; Hall v. Brownell, 87 Mo. App. 285; Gregory v. Tavenner, 38 Mo. App. 627. This fault so frequently condemned is patent here on the record proper. In lieu of optional judgment for the established and full value, the defendant should have been restricted to recover the extent of her rights only in the judgment entered upon this verdict. The judgment is accordingly reversed and the cause remanded with directions to enter a judgment in conformity with this opinion. *Bland, P. J.,* and *Goode, J.,* concur.