NATIONAL THEATRE SUPPLY COMPANY, A CORPORATION, RESPONDENT, v. GEORGE T. SCOVILL ET AL., DEFENDANTS, J. W. SANDERS, LOUIS L. BARTH AND MORRIS B. BARTH, BEING APPELLANTS.

Springfield Court of Appeals. Opinion filed October 26, 1929.

*Corpus Juris-Cyc References: Replevin, 34Cyc, p. 1568, n. 73.

*Sturgis & Henson* for appellants.

*R. B. LaRue, Hamlin, Hamlin & Hamlin* and *C. W. Hamlin* for respondents.

SMITH, J.—This cause was commenced in the circuit court of Greene county, by plaintiff filing therein on Novemder 7, 1927, a petition in replevin against George T. Scovill, Nathan Zoglin, and John Doe, defendants, wherein the plaintiff sought to obtain possession of certain moving picture paraphernalia, particularly described in the petition. The description of the property was lengthy and it is not necessary to describe the property here because there is no controversy as to the description of the property replevined. The petition was supported by affidavits in replevin and the plaintiff executed a bond for $4000 which is double the alleged value of the property.

The record shows that the sheriff made return to the summons issued against the three original defendants on the 7th day of November, 1927, by making diligent search and failing to find the defendants in Greene county, Missouri, and the sheriff's return showed that he executed the writ or order in claim for possession and delivery of the personal property by taking the within specified goods, chattels, and property from the possession of the within named, George T. Scovill, Nathan Zoglin, and John Doe, defendants, and delivered said goods, chattels, and property to the National Theatre Supply Company, plaintiff. This the 7th day of November, 1927.

On February 14, at the January term, 1928, the appellants, J. W. Sanders, Louis L. Barth, and Morris B. Barth filed a motion to be permitted to be made defendants in said action and alleged as a reason therefor that they had a claim in the nature of a lien on the property in controversy and that the property was actually in their possession at the time the officer took the same under the writ of replevin. The trial court heard said motion and sustained the same and these parties were made defendants in said cause, and leave was given them to defend in this cause, to which action of the court in so sustaining said motion plaintiff objected and accepted at the time, but the plaintiff did not appeal from the order of the court in so permitting these three persons to be made defendants. On the same day an *alias* summons was issued to Jackson county for defendants, George T. Scovill, and Nathan Zoglin, returnable to the next term of said court.

On February 18, 1928, defendants, Sanders, Barth and Barth, filed a motion to require plaintiffs to give a new bond in replevin in favor of all the defendants, which motion was by the court sustained and an order was made that plaintiff give the new bond on or before April 1, 1928. On May 25, 1928, the defendants, Sanders, Barth and Barth, filed a motion for return of the property taken by plaintiffs under the writ of replevin because the plaintiff had failed and refused to comply with the order of the court in giving a new bond, and on the same date, the defendants, Sanders, Barth and Barth, filed

their separate answer in which they admitted that the plaintiff is a corporation and admitted that the property described in the petition and in the writ of replevin was and is of a reasonable value of $2000. And for further answer the said defendants denied that the plaintiff is or was at the time of the filing of this suit, the owner of the property described in the petition or that it is or was entitled to the possession of the same; also they denied that said property was or is detained by the other defendants in this cause; also denied that plaintiff has been damaged in any sum by the detention of the said property.

And for further answer defendants, Sanders, Barth and Barth, stated that at the time this suit was filed and the replevin writ issued therein and the property taken by the sheriff of Greene county and delivered to the plaintiff, these defendants, Sanders, Barth and Barth, were in the actual possession of the said property; that said property was then located in a building on Boonville street in Springfield, Missouri, owned by these three defendants; that these defendants had full possession of said property and that these defendants were in lawful possession of said property and had a right to retain the same; that they had and have a valid lien on said property.

These defendants, Sanders, Barth and Barth, for further answer state that the other defendants, Scovill, Zoglin and John Doe, were not in possession or control of said property sued for and were not entitled to said possession and had no interest in the same; that said property was not taken from the possession of such other defendants; but the sheriff purporting to act under the writ of replevin took the possession of the said property from these defendants and delivered the same to the plaintiff; that said plaintiff received and took said property into its possession and at once removed the same from Greene county and from the State of Missouri and beyond the jurisdiction of this court and its officers, and that said property so taken from these defendants and received by the plaintiff has not been since taken in the State of Missouri.

The defendants, Sanders, Barth and Barth, alleged that they claim and have title and right of possession to said property under and by virtue of a lease of a building on Boonville street in Springfield, known as the Ritz Theatre owned by these three defendants and leased by them to one Louie B. Stevens, which lease is on record in Book 514, page 85 of the land record of Greene county and is dated January —, 1927, and filed for record February 1, 1927, and which said lease contained the following provisions:

"The said lessee, Louie Stevens, agrees to pay these defendants for the use and rent of said building the sum of two hundred ($200) dollars per month, payable on the first day of each and every calendar month, beginning on April 1, 1927, and to continue for a term of five

years from said date. The amount of said rent to be then increased to two hundred twenty-five ($225) dollars for the remainder of the term of said lease of ten years.

"It is further agreed that the lessors shall have a lien on the personal property which the lessee may place in said building, the said lien being hereby granted for the purpose of securing the payment of the rent herein provided for the full term of this lease, and it is further agreed that such property when once installed in said premises shall not be sold or removed therefrom without the written consent of the lessors.

"It is further agreed that the lessee expects to operate a moving picture show and vaudeville in said building and that the property will consist of moving picture machines, curtains, seats, and the other and usual equipment and paraphernalia ordinarily found in a movie theatre. and it is distinctly understood and agreed that the lien herein given shall apply to all such property and any other property used in connection with said theatre and as belonging thereto and which may hereafter be installed in said premises.

"The said lessors may enforce said lien when any rent is delinquent by taking possession of and selling such of said property as may be sufficient to pay the delinquent rent, and additional sales may be made thereafter of other property in the event the rent should be delinquent thereafter. Such sales under this lien may be made either publicly or privately, and in case said property is sold at public sale. ten days' notice of such sale shall be given by handbills posted in three public places in Springfield, Missouri, giving the time, terms and place of sale and a description of the property to be sold."

Defendants, Sanders, Barth and Barth, further say that the said Louie Stevens. as lessee, placed and installed in said building the property described in the petition, on or about the 1st day of February. 1927, and used said property in conducting a theatre and picture show; that on or about July 1, 1927, said Stevens made default in payment of rent upon said building and that after such default in the payment of rent the said Stevens on or about September 1. 1927, surrendered possession of said building and the property herein sued for to these defendants, and these defendants then took possession of the building and the property herein sued for and continued in possession of same until the property was taken by the sheriff from said building and from the possession of these defendants and delivered to plaintiff; and these defendants further alleged that at the time of taking of said property by the sheriff there was due and unpaid to these defendants rent for the use of said building in the sum of about $1000 and these defendants were in possession and were holding said property for the payment of rent due and to become due. and that no rent has been paid on said building since

June 1, 1927, and that there is now due these defendants for rent an amount equal to and greater than the value of said property so taken and these defendants, Sanders, Barth and Barth, prayed for an order that they be declared to be entitled to the possession of the said property and that said property be returned to them and for such relief as may be proper and necessary in the premises.

On May 21, 1928, Nathan Zoglin filed his separate answer or stipulation wherein it was stipulated by and between attorneys for plaintiff and attorneys for Nathan Zoglin that judgment be entered in favor of plaintiff and against the defendant Zoglin, for possession of the personal property described in plaintiff's petition and that judgment for damages be entered against the plaintiff and in favor of the defendant and it was further stipulated and agreed that no claim is to be made by the defendant Nathan Zoglin for any deficiency which may arise from the sale of said personal property under the chattel mortgage and note under which said property was replevined, and judgment was thereafter entered according to said stipulation.

On June 2, 1928, the motion for return of the property to defendants, Sanders, Barth and Barth, was by the court overruled. The plaintiff on this date dismissed the cause of action as to John Doe.

On June 5, 1928, plaintiff filed its motion to set aside the order heretofore made, making Sanders, Barth and Barth, parties defendants, which motion was by the court overruled.

On June 18, 1928, defendants, Sanders, Barth and Barth, filed their motion that the court hear evidence and for an order requiring plaintiff to return the property taken under the writ of replevin. On June 22, 1928, the plaintiff filed its application for a change of venue, which application was by the court overruled.

On June 22, 1928, motion by defendants, Sanders, Barth and Barth, heretofore filed asking for an order to return the property taken under the writ of replevin was by the court sustained and the clerk directed to make and deliver said order to the sheriff, which said order is as follows:

"Order to Take and Return Property.

"The motion on behalf of J. W. Sanders, Louis L. Barth and Morris B. Barth asking for an order requiring plaintiff to return the property taken by the sheriff and delivered to plaintiff comes on to be heard, and the court sets aside its former order in this regard made at this term of court as being made without a hearing, and after hearing the said motion the same is by the court sustained, and it appearing to the court that the plaintiff has failed and refused to comply with the order of this court heretofore made at this term under section 2079, Revised Statutes 1919, requiring plaintiff to give a new bond in favor of all the defendants, conditioned as re-

quired by law, and said plaintiff has failed and refused to give any new bond herein, but denies the right and power of this court to make and enforce such order, it is therefore ordered by the court that the sheriff of this county forthwith retake the property sued for and deliver the same to these defendants, to-wit:

"Same as described in petition.

"and the said plaintiff is ordered to deliver said property to the said sheriff for that purpose within ten days from this date."

Thereupon on June 23, 1928, the following order to take and deliver the property was issued under the hand and seal of the clerk of said court and delivered to the sheriff of Greene county and the said sheriff made return thereon, as follows, caption omitted:

"Order to Retake Property.

"The State of Missouri to the Sheriff of Greene County, Missouri:

"By order of the circuit court of Greene county, Missouri, made on the 22nd day of June, 1928, in the above cause, you are hereby commanded to forthwith retake from the plaintiff the property sued for herein and heretofore taken and delivered to plaintiff, and to deliver the same to the defendants, to-wit:

"Same property described in the petition.

"and the said plaintiff is hereby ordered to deliver said property to the said sheriff for that purpose within ten days from the date hereof. You are further required to make return of this writ on or before July 3, 1928.

"Given under my hand and official seal, at my office in Springfield, this 23rd day of June, 1928.

"GUY C. GIBBS,
"Clerk of the Circuit Court."

Sheriff's Return on Back of Order to Retake Property.

"State of Missouri, County of Greene, ss.

"Executed the within order by delivering a copy of same to O. T. Hamlin, attorney of record for National Theatre Supply Company, on the 23rd day of June, 1928, no other officer or agent of said company being found in my county and said company having no office or place of business therein; and after search and inquiry I failed to find the property described in said order in my county, and the said National Theatre Supply Company has failed to deliver said property to me.

"All done in Greene County, Missouri, this July 5, 1928.

"ALFRED OWEN,
"Sheriff of Greene County, Missouri."

On July 6, 1928, the defendants filed a motion to strike plaintiff's reply and prayed for a judgment in this cause and on July 14, defendant's motion to strike plaintiff's reply was sustained and judgment

was entered for defendants for $2000, which said judgment is as follows:

"Now on this day comes on for hearing the motion heretofore filed of defendants J. W. Sanders, Louis L. Barth and Morris B. Barth to strike out plaintiff's reply to the answer, to find and fix the value of the property taken under the replevin writ, to dismiss plaintiff's case and render judgment for said defendants. On said hearing plaintiff's attorney stated that no reply had been in fact filed. Thereupon the court proceeded to hear said motion on the evidence offered by said defendants. The plaintiff then requested that judgment be rendered for plaintiff against the defendant Nathan Zoglin as per stipulation filed, and against George T. Scovill by default, which request is granted. Thereupon, a jury being waived, the matters at issue were submitted to the court and the court finds in favor of defendant Nathan Zoglin and adjudges that plaintiff is entitled to and shall have possession of the property described in plaintiff's petition as against said Nathan Zoglin, and that said Nathan Zoglin recover of and from plaintiff his damages and costs as per the stipulation.

"The court further finds that the defendant George T. Scovill, although duly served personally with summons in this case, has not filed any answer or other pleading or entered any appearance herein and now comes not but makes default. It further appearing that plaintiff has the property sued for and no damages being claimed, it is adjudged that plaintiff is entitled to the property sued for as against said Scovill, and that said defendant is discharged without costs.

"The court further finds that the plaintiff herein has failed and refused to comply with the order of this court made at the January term, 1928, ordering and requiring the plaintiff to give a new replevin bond in this case, the said plaintiff having taken under the writ issued herein and being in possession of the property sued for, and that the plaintiff has wholly failed to give any new bond in this case but denies the right of this court to make said order. The court further finds that the plaintiff although having taken the property sued for under the replevin writ issued herein, and still having same, has failed and refused to comply with the order of this court made at this term requiring said plaintiff to return said property to these defendants and to deliver same to the sheriff of this county for that purpose; that plaintiff has removed said property from this county and from the jurisdiction of this court so that the sheriff of this county has not been able to find said property or any of it or to take and deliver same to defendants as required by said order of this court, and plaintiff has wholly failed and refused to deliver said property or any of it to said sheriff or to these defendants.

"It is therefore considered and adjudged by the court that plaintiff's cause of action be dismissed. The court thereupon finds that plaintiff has failed to prosecute his action with effect but is in default; that plaintiff has the property sued for and described in the petition in his possession; that defendants J. W. Sanders, Louis L. Barth, and Morris B. Barth have in their answer claimed said property and demanded a return thereof. The court thereupon assesses the value of the property so taken by plaintiff under the writ issued herein at two thousand ($2000) dollars, the value alleged in the petition and admitted in the answer. It is thereupon considered and adjudged by the court that defendants J. W. Sanders, Louis L. Barth and Morris B. Barth are entitled to a judgment against plaintiff for the return to said defendants of the said property so taken by plaintiff; and the said defendants now and hereby electing to take the value of said property as so assessed, it is considered, ordered and adjudged by the court that said defendants have and recover of and from the plaintiff the sum of two thousand ($2000) dollars, the assessed value of said property, together with their costs and charges herein expended, and that execution issue therefor accordingly."

On June 19, 1928, the plaintiff files its motion for new trial which said motion for new trial contains fourteen paragraphs. We deem it unnecessary to set out said motion in full, because at the September term, 1928, the said motion for new trial came on for hearing and the same was by the court sustained for reasons stated in paragraph nine of said motion, and an order entered granting plaintiff a new trial. Paragraph nine of said motion is as follows:

"Ninth: Because the court erred in rendering judgment in favor of J. W. Sanders, Louis L. Barth and Morris B. Barth, for the full amount found by the court to be the assessed value of the property in controversy, whereas, said defendants in their answer only claimed a limited or special interest in said property, by reason of a lease held by them and executed by one Stevens."

To the action of the court in granting new trial the defendants, Sanders, Barth and Barth objected and accepted at the time and thereafter on October 13, 1928, the said defendants filed their application and affidavit for an appeal to this court which appeal was duly granted.

We have not set out all the motion for new trial because if we decide that the trial court was right in granting a new trial because of the grounds alleged in the ninth paragraph of plaintiff's motion for new trial that will determine the material issues in this appeal and it will not be necessary for us to consider the other points in the motion for new trial, which points were briefed by both parties to this litigation.

The rule in replevin seems to be that when the defendant has only a limited interest in the property, as the answer shows here, the value of that interest and not the full value of the property will be accorded to him. [Dolfuss v. Cohen, 261 S. W. (Mo. App.) 754, 757 and cases cited; McWherter v. Randall, 207 Mo. App. 465, 232 S. W. 1070.]

The question involved here was passed on by our Supreme Court many years ago in the case of Dilworth v. McKelvey, 30 Mo. 149, which case has been cited with approval many times since then. In a more recent case, that of Beall v. Ingersol, 203 Mo. App. 555, 219 S. W. 672, we find this language:

"In an early case, that of Dilworth v. McKelvy, 30 Mo. 149, this matter was most elaborately considered and determined. There it was held that in an action for the possession of personal property, where plaintiff obtains possession of the property upon giving bond and fails to prosecute his action with effect, quoting the syllabus, 'and it appears that the defendant has only a special interest in the property as against the plaintiff—for example, a lien thereon for some money due from the plaintiff to himself, or a mere claim to possession for a limited period; in such case judgment should not be rendered in favor of the defendant for the return of the property or the payment of the entire value of the property, but the value of the interest of the defendant in the property should be assessed, and judgment should be rendered in favor of the defendant for the value so assessed, or the return of the property until such value be paid, at the option of the defendant.'

"That case has been followed many times. It was distinctly affirmed and interpreted by our Supreme Court in Lewis v. Mason, 94 Mo. 551, 5 S. W. 911, 8 S. W. 735, the opinion of the majority of the court rendered by Judge BLACK, commencing at page 557, and referring to Dilworth v. McKelvy, supra, at page 558, that the action was by the general owner of the property against a person claiming a lien, and it is said: 'The verdict was for the defendant, and then followed an assessment of the full value of the property in favor of the defendant. This court then said the judgment should have been for the value of the defendant's interest, or for a return of the property until that value was paid. It makes no difference whether the party having a special lien on the property is plaintiff or defendant in the replevin suit. In either case his rights can be adjusted. As said in the case of Dilworth v. McKelvy, supra, 'The judgment in each case must be modified by the circumstances, so that the merits of the controversy may be settled in one action. The statute is a general one, designed to meet all the exigencies which the old action of replevin did, and the equity of its provisions will embrace these modifications of the forms in which judgments should be entered.' It is too late to question the authorities before cited.

The forms prescribed in the statutes for judgments in replevin suits apply where one party recovers, and as a result the other is adjudged to have no interest whatever in the property. Where, however, both parties have an interest in the property, the judgment must be made to conform to the rights of the parties, and these rights may be adjusted in the replevin suit.' The authorities outside of Dilworth v. McKelvy, supra, referred to by Judge BLACK are Frei v. Vogel, 40 Mo. 149; Gilham v. Kerone, 45 Mo. 487; Boutelle v. Warne, 62 Mo. 353; Dougherty v. Cooper, 77 Mo. 535. Our court has followed the above rule in many cases, the last one being that of Weber Implement Co. v. Dunard, 181 Mo. App. 658, 164 S. W. 685, where, commencing at page 669, we said:

" 'Therefore, it appearing that the defendant possessed but a special and limited right or interest to the extent of his mortgage indebtedness against the property, it was erroneous to award him the full value of the property, for the damages should be limited to such special interest which resided in him, and, of course, this included the principal of the debt and accrued interest thereon—that is, the amount of the note remaining unpaid when the defendant purchased it, together with interest up to the date of the verdict. The authorities are all one way on the subject, and it is unnecessary to discuss them. The leading case in this State is that of Dilworth v. McKelvy, 30 Mo. 149.' A number of other cases are also cited as holding to the same effect.''

We also find this question has been passed on by this court in the case of Smith v. Tucker, 200 S. W. 707, in an opinion written by Judge STURGIS, where this language was used:

''Replevin suits are generally flexible enough to permit an adjustment of the real rights of the parties, and where the prevailing party has only a limited or special interest in the property instead of the ownership, and the other party has obtained possession under the writ, the value of such special interest only should be assessed. [Dodd, Brown & Co. v. Wilson, 26 Mo. App. 462, 468; Dixon v. Atkinson, 86 Mo. App. 24; Weber Implement Co. v. Dunard, 181 Mo. App. 658, 669, 164 S. W. 685; Gaston v. Johnson, 107 Mo. App. 590, 80 S. W. 276.]''

These defendants claim their interest in said property is because of a lien they have for rent, which certainly makes theirs a special or limited interest, and in view of the many rulings of our courts upon that particular question, which was raised in paragraph nine of plaintiff's motion for new trial and upon which the trial court granted the new trial, we think the court did not err in making such an order.

Both parties have cited many authorities on the other points raised in the motion for new trial but since we think the trial court did not

err in sustaining the motion, we deem it not necessary at this time, for a proper determination of this appeal, to discuss other points. It is our opinion the judgment should be affirmed. It is so ordered.

*Cox, P. J.,* and *Bailey, J.,* concur.

