CROW CONTRACTING CORPORATION,
a Corporation, and Delbert Hunter,
Plaintiffs-Appellants,

v.

The GEORGE F. SMITH COMPANY, Inc., a
Corporation, City of Florissant, a Municipal
Corporation, and R. M. Grading Company,
a Corporation, Defendants-Respondents.

No. 32373.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1966.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Oct. 19, 1966.

Blumenfeld, Kalishman & Tureen, Charles E. Kopman, St. Louis, for plaintiffs-appellants.

Joseph H. Mueller, St. Louis, Husch, Eppenberger, Donohue, Elson & Cornfeld, Myron Gollub, St. Louis, William J. Hormberg, Clayton, for defendants-respondents.

LACKLAND H. BLOOM, Special Judge.

Plaintiffs seek to recover damages to a Buckeye trenching machine owned by them and which they sought to sell through defendant The George F. Smith Company, Inc. Plaintiffs' amended petition is in five counts. Count I seeks damages solely against The George F. Smith Company, Inc., founded on the breach of a contract of bailment. This defendant will herein be referred to as defendant Smith. Count II seeks to recover from defendant Smith and sets forth in effect that defendant Smith leased the trenching machine to the City of Florissant with the consent of plaintiffs; that defendant Smith undertook to deliver the trenching machine to defendant R. M. Grading Company for delivery to the City of Florissant without the knowl-

edge or consent of the plaintiffs and contrary to plaintiffs' instructions; that the machine was damaged while R. M. Grading Company was transporting it and was returned to plaintiffs in a damaged condition. Count III seeks judgment against defendant R. M. Grading Company for the damages to the trenching machine, alleging that after delivery of the machine to defendant Smith by plaintiffs for sale that the same was leased by defendant Smith to the City of Florissant with the consent of plaintiffs and delivered by defendant Smith to R. M. Grading Company for the purpose of having the same transported to the City of Florissant, and R. M. Grading Company undertook so to do. That the machine was returned to defendant Smith in a damaged condition "said damage having occurred after said trenching machine was delivered to defendant R. M. Grading Company * * *."

Count IV reasserts by reference the pertinent allegations of Count I and Count III and seeks judgment against the City of Florissant, alleging that " * * * defendant R. M. Grading Company was acting as agent of defendant City of Florissant."

By Count V plaintiffs incorporate by reference pertinent allegations of Count I; restate in effect the material allegations of Counts II, III and IV and allege that while R. M. Grading Company was transporting said trenching machine the same was damaged as a direct and proximate result of the negligence and carelessness of the defendants and seeks judgment against all three defendants.

Defendant Smith filed a cross-claim against R. M. Grading Company and the City of Florissant, and sought recovery from those defendants in the event plaintiffs were successful in their action against it. Defendant Smith in answer to plaintiffs' amended petition, after admitting the delivery of the trenching machine to it as alleged, set forth as a defense that a bailment was created or a novation occurred between plaintiffs and defendant City of Florissant and/or defendant R. M. Grading Company when the trenching machine came into the possession of the defendant City of Florissant and/or defendant R. M. Grading Company all with the knowledge and consent of plaintiffs and that defendant Smith was thus relieved of liability.

The City of Florissant filed separate cross-claims against R. M. Grading Company and defendant Smith in which it sought judgment over against said defendants if plaintiffs were successful in their action against it.

At the close of plaintiffs' case the Court sustained a motion of defendant Smith for a directed verdict as to Counts II and V; of the City of Florissant as to Counts IV and V; and as to R. M. Grading Company as to Counts III and V. The Court overruled defendant Smith's motion for a directed verdict as to Count I. The defendants offered no evidence and motions for directed verdicts were sustained as to their respective cross-claims. The case was submitted to the jury only on Count I of plaintiffs' amended petition against defendant Smith and the jury returned a verdict in favor of that defendant.

Plaintiffs assert that the Court below erred in giving to the jury Instruction No. 3 offered by defendant Smith; in directing verdicts in favor of the City of Florissant and R. M. Grading Company; in directing a verdict in favor of defendant Smith on Count II of plaintiffs' petition; and in excluding from evidence certain testimony concerning the delivery of the trenching machine and Plaintiffs' Exhibit 1, a purported lease between defendant Smith and the City of Florissant. Plaintiffs further complain that a verdict should have been directed in favor of plaintiffs and against defendant Smith on Count I.

As indicated above, the only evidence in the case was that offered by plaintiffs.

Testimony in the case came from R. T. Crow, president of plaintiff Crow Con-

tracting Corporation, Delbert Hunter, one of the plaintiffs, and George L. Smith, president of defendant The George F. Smith Company, Inc. Crow testified that the plaintiffs were the owners of a Buckeye trenching machine which they had used in their business for the installation of underground utilities. In the Fall of 1961 the plaintiffs desired to sell the trenching machine and Crow contacted The Geo. F. Smith Company, Inc., which firm was at that time the local Buckeye dealer. An arrangement was entered into whereby defendant Smith was to endeavor to sell the trenching machine for plaintiffs, at a price which would net the plaintiffs $3500 and the defendant Smith would receive all of the sale proceeds in excess of that amount.

Sometime thereafter Smith called Crow and said that the City of Florissant was interested in purchasing the trenching machine but wanted to test it before entering into a firm contract. Crow and Smith agreed that defendant Smith could lease the trenching machine to the City of Florissant under an arrangement whereby, if the machine were purchased there would be no rental charge but if the machine were not purchased then there would be a rental charge and the machine would be returned to the defendant Smith. They discussed the manner in which the trenching machine would be transported from defendant Smith's place of business to the City of Florissant. Crow testified that Smith asked if plaintiff Crow could deliver the trenching machine to the City of Florissant and that Crow told Smith he did not have a truck available. Crow recommended "Suburban Haulers" as a prospective hauler of the machine. Crow further testified that he never discussed with Smith the hauling of the machine by any hauler other than Suburban Haulers. Crow stated, however, that he had not insisted that Suburban Haulers do the hauling, and if they were unable to do the hauling he would not have instructed defendant Smith "to sit on the machine until he could get Suburban Haulers." He further testified that he had con-

fidence in George Smith, that whoever George Smith elected to turn it over to for delivery would be permissible, and that he would rely on George Smith's judgment and experience in turning it over in that he would turn it over to a reputable hauler.

According to Crow the next thing he heard was that the machine had been damaged en route to the City of Florissant and had been returned to defendant Smith's yard and the sale was off. The machine remained in Smith's yard until sometime in 1964 when it was picked up in its damaged condition by Delbert Hunter, one of the plaintiffs.

George L. Smith was called as a witness for plaintiff. He identified Plaintiffs' Exhibit 1 as a document by which his company acted in delivering possession of the trenching machine. There was some evidence by Smith that he saw the machine on the truck when it returned to the lot and that it was "reported" that it came back on the same truck that it left our yard and that the truck was owned by R. M. Grading Company, one of the defendants. Smith testified that Exhibit 1 was the original copy of lease and dray ticket and that everything that leaves their place on rental goes on a similar form, made at the time the property leaves, and the form goes in the file as part of their ordinary business records.

Smith further testified that if the City of Florissant did not elect to purchase the machine it presumably would come back to their lot.

All three witnesses, Crow, Hunter and Smith, testified with respect to the value of the machine both before and after the damage to it.

Witnesses Crow and Hunter testified that the fair market value of the trenching machine prior to the accident was $4500 while Smith placed the value between $4,000 and $4,500. Crow testified that the fair market value after the accident was $1,500 to $1,800, maybe as much as $2,000.

Hunter testified that the fair market value after the accident was between $1,500 and $2,000 and Smith that the value after the accident was $2,500.

■ The agreement between plaintiffs and defendant Smith created a contract of bailment for their mutual benefit. Unless otherwise relieved of its obligation, it was the duty of defendant Smith as bailee to use ordinary care in the handling of the property and to dispose of it in full compliance with plaintiffs' instructions or to return it to plaintiffs in the same condition as it was when received excepting normal wear and tear. Nuell v. Forty-North Corporation, Mo.App., 358 S.W.2d 70, 75; Oliver Cadillac Co. v. Rosenberg, Mo.App., 179 S.W.2d 476, 480. By Count I of their petition plaintiffs plead against defendant Smith's breach of a simple contract of bailment without pleading specific or general negligence on the part of said defendant. This placed the burden of proof upon the defendant to explain the failure to redeliver to plaintiff the property in an undamaged condition. Nuell v. Forty-North Corporation, supra, 358 S.W.2d 1. c. 75. As pointed out in the Nuell case, " * * * a bailee for the mutual benefit of both parties is not an insurer, and he may exculpate his failure to return the property to the bailor by showing that its loss or damage was not due to his failure to exercise ordinary diligence, * * *." Defendant Smith undertook to affirmatively plead in exculpation in effect that after the bailment between plaintiff and defendant Smith, the plaintiffs agreed to the transfer of the possession of the machine to the City of Florissant and/or the defendant R. M. Grading Company which had the effect of creating a new bailment or a novation between the plaintiffs and said defendants and thus relieved the defendant Smith of any liability to plaintiffs. Delivery to a third person by the direction of the bailor is said to constitute an excuse which would relieve the bailee of liability for a non-delivery or loss. 8 C.J.S. Bailments § 37, p. 462.

It is clear that the plaintiffs agreed with defendant Smith that the trenching machine could be delivered to the City of Florissant on a test basis. There is considerable doubt as to what arrangement, if any, was agreed to with respect to how the machine should be transported from defendant Smith's lot to the City of Florissant. Crow made it plain that plaintiffs could not transport it and recommended Suburban Haulers. He testified, however, that he did not insist on Suburban and would rely on Smith's judgment. George Smith on the other hand stated that they made no arrangements for the hauling and so advised the City of Florissant. Instruction No. 2 was given on behalf of plaintiff and in substance instructed the jury to return a verdict for the plaintiffs upon finding that plaintiffs were the owners of the trenching machine, that they delivered the trenching machine to defendant Smith, for sale, and that defendant Smith failed to return the machine to plaintiffs in an undamaged condition. Defendant Smith undertook to submit its affirmative defense by Instruction No. 3 which is as follows:

" 'Your verdict must be for the defendant George F. Smith Company, Inc. if you believe:

" 'First, plaintiffs agreed to the delivery of the possession of the trenching machine to a prospective purchaser;

" 'Second, defendant George F. Smith Company, Inc., advised plaintiffs that it would make no arrangements for the delivery of said trenching machine to the prospective purchaser, and did not undertake to do so;

" 'Third, that at the time said trenching machine was damaged, it was no longer in the possession or under the control of defendant George F. Smith Company, Inc.;

" 'Fourth, that defendant's conduct as aforesaid was in accordance with the agreement between plaintiffs and de-

**598**

fendant George F. Smith Company, Inc.' "

Plaintiffs have alleged that the trial court erred in giving to the jury Instruction No. 3 for numerous reasons. We agree with the plaintiffs that Instruction No. 3 is unnecessarily confusing and ambiguous. Whether it is sufficiently so to warrant a reversal of the judgment we need not determine, inasmuch as we have reached the conclusion that the instruction fails to properly submit to the jury the affirmative defense pleaded by defendant, supported by independent evidence, which would exculpate defendant from its liability as bailee. Under this instruction the jury would be authorized to find in favor of the defendant Smith if they found that at the time the trenching machine was damaged " ' * * * it was no longer in the possession or under the control of defendant George F. Smith Company, Inc.' " The only basis upon which the defendant Smith could be relieved of liability under the pleadings was either by (1) delivering it directly to the City of Florissant, a prospective purchaser, or (2) to an interim hauler authorized by plaintiffs. We do not believe that the "second" or "third" findings required by Instruction 3 submit any pleaded defense which would relieve defendant Smith of its liability as bailee. We find no clear evidence that George Smith advised plaintiffs that Smith would make no arrangements for the delivery of the machine, which would support a finding as required by the instruction. The evidence was that Smith so advised someone employed by the City of Florissant. Furthermore, if defendant Smith failed to properly deliver the machine to the City of Florissant or a hauler authorized by plaintiffs, defendant Smith would not be relieved of liability for its damage merely because it gave up possession of the machine. The rule is that, "If the bailor has given instructions as to the disposition of the bailed property expressly or by clear implication, even a gratuitous bailee makes himself responsible for any loss or injury if he departs therefrom. * * *" 8 Am. Jur.2d, Bailments, § 189, p. 1074. A bailee makes delivery to a third person without the consent of the bailor at his peril. Murray v. Farmers' & Merchants' Bank, Mo.App., 206 S.W. 577. We accordingly believe that Instruction No. 3 was prejudicially erroneous.

Plaintiffs next urge that the court erred in not directing a verdict in their favor and against defendant Smith on Count I of their petition. In addition to the jury issue raised by the testimony of Crow and Smith with regard to whether or not defendant Smith in making the delivery of the machine as shown by the evidence was acting in compliance with the authorization of Crow, we note that Crow, Hunter and Smith each testified to different valuations of the machine after the accident sufficient to leave the issue of damages to the jury. The credibility of the witnesses is for the jury even where the only testimony adduced is given on behalf of plaintiff. Accordingly, plaintiffs were not entitled to a directed verdict on Count I. Motors Ins. Corp. v. Union Market Garage, Mo.App., 207 S.W. 2d 836, 839.

Plaintiffs contend further that the court erred in directing a verdict in favor of defendant Smith under Count II in that there was sufficient evidence from which the jury could have found that defendant Smith was not authorized to deliver the bailed property to anyone other than Suburban Haulers or another reputable hauler. We have heretofore indicated that it was the duty of defendant Smith under the pleadings and the evidence to return the machine either to plaintiffs or to the City of Florissant or an interim hauler authorized by plaintiffs. We believe the evidence was sufficient to make a submissible case for the jury as to whether or not defendant Smith fulfilled its duty to plaintiffs. However, it appears that by virtue of defendant Smith's affirmative defense as to Count I, this issue was raised and tried under that count of plaintiffs' petition. Based

on the pleadings and evidence adduced, we find little practical distinction between the two counts. On a retrial, however, under the same evidence, in view of what we have heretofore said, the issues would be more accurately framed under Count II. This is especially true in view of the fact that plaintiffs by their own evidence established more than a simple bailment and went further to show a consent for the rental and delivery of the machine to the City of Florissant.

Plaintiffs charge that the court erred in directing a verdict in favor of the defendants R. M. Grading Company and the City of Florissant. They do not indicate whether they are complaining of the action of the court with respect to Count III against the defendant R. M. Grading Company and Count IV against the City of Florissant both based on bailment theories, or Count V against both defendants based upon a theory of negligence.

■ We shall consider first the counts against defendant R. M. Grading Company. That defendant has not favored us with a brief or oral argument on this appeal. Plaintiffs rest their contention that the court erred in directing a verdict in favor of said defendant solely on the testimony of witness Smith, that the trenching machine came back to his lot in a damaged condition on the same truck which had picked it up and that the truck was owned by R. M. Grading Company. Smith was not present when the machine was loaded; he made no arrangement for its delivery to R. M. Grading Company; and there was no other evidence which would establish any contractual relation between said defendant and plaintiffs sufficient to constitute R. M. Grading Company a bailee and no evidence that the machine was in the exclusive possession of the said defendant at the time it was damaged which would give rise to any presumptions that the machine was damaged by reason of its negligence. Bommer v. Stedelin, Mo. App., 237 S.W.2d 225, 229; Hartford Mining

Co. v. Tabor, Mo.App., 21 S.W.2d 207, 208. The testimony with respect to ownership of the truck, standing alone, is not sufficient to authorize a submission of either Count III or Count V of plaintiffs' petition against the defendant R. M. Grading Company. The court properly sustained said defendant's motion for a directed verdict with respect to said counts.

■ We now consider whether or not plaintiffs made a submissible case against the City of Florissant on either Count IV breach of a contract of bailment, or Count V, general negligence. It is the contention of the City of Florissant that liability cannot be imposed upon it in this action on a bailment theory for the reason that such an action is founded on contract and no evidence was offered to show that the bailment contract or lease allegedly entered into between defendant Smith and the City of Florissant for rental of the machine was authorized with the formality required by § 432.070, RSMo 1959, V.A.M.S. That section requires, among other things, that no contractual obligation shall be incurred by any Missouri city unless " * * * such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." Compliance with this section has been held mandatory in numerous cases and we agree with the City of Florissant that there is no evidence in this case which would show compliance with the requirements of the statute so as to impose any contractual liability on the City of Florissant either as a bailee or under the lease. Needles v. Kansas City, Mo., 371 S.W.2d 300; Bride v. City of Slater, Mo., 263 S.W.2d 22; Fulton v. City of Lockwood, Mo., 269 S.W.2d 1. Accordingly, we hold that the City of Florissant could not be held liable under Count IV of plaintiffs' petition on the theory of breach of a contract of bailment.

■ Did plaintiff make a submissible case against the City of Florissant on the

**600**

general charge of negligence as set forth in Count V of their amended petition? There was no evidence which would show any negligence on the part of the City of Florissant. Accordingly, unless plaintiffs were entitled to a presumption of negligence by reason of the bailment contract itself, a submissible case was not made. Plaintiffs contend that the court erred in sustaining objections when they undertook to elicit from witness George Smith conversations with employees of the City of Florissant which would establish that the trenching machine was in the exclusive possession of the City of Florissant at the time it was damaged. They also complain that the court erred in excluding their Exhibit 1, being the alleged lease between defendant Smith and the City of Florissant for like reason. We do not believe such evidence would enable plaintiffs to make a submissible case on Count V. To do so under the evidence plaintiffs would be required to rely upon a presumption of negligence arising out of the bailment contract which they cannot do, as heretofore indicated, because of the fact that the bailment contract is itself void by reason of Section 432.070, RSMo 1959, V.A.M.S. Thus it has been stated that "Whether the action is ex contractu or ex delicto, where the right to recovery rests upon the existence of the bailment relationship, and the fact of bailment is in issue, the burden of establishing such fact upon the whole case by an adequate degree of proof rests on the plaintiff *and includes the burden of proving the making of the valid contract of bailment between the parties,* the delivery to the bailee thereunder, and acceptance by the bailee." (Emphasis added.) 8 Am. Jur.2d, Bailments, § 306, p. 1191. Thus it was necessary that plaintiffs establish a valid bailor-bailee relationship between themselves and the City of Florissant in order to prevail. This they did not do. The trial court, therefore, properly directed a verdict in favor of the City of Florissant on Count V.

Accordingly, because of the prejudicial error in the giving to the jury of Instruction No. 3 on behalf of the defendant Smith, the judgment is reversed and remanded for a new trial as to defendant Smith as to Count I or II of plaintiffs' amended petition and affirmed in all other respects.

ANDERSON, Acting P. J., and RUDDY, J., concur.