George CHURCH, et al.,
Plaintiffs-Appellants,

v.

RICHFER CORPORATION,
Defendant-Respondent.

No. 62554.

Supreme Court of Missouri,
En Banc.

June 8, 1981.

Rehearing Denied July 14, 1981.

H. Kent Munson, Stein & Seigel, St. Louis, for plaintiffs-appellants.

Theodore D. Ponfil, Gary A. Growe, Clayton, for defendant-respondent.

SEILER, Judge.

This case arises from respondent's failure to return bailed goods. Appellants, plaintiffs below, sued for breach of the bailment contract and obtained a jury verdict of $12,-760.[1] The trial court, however, granted a new trial on the basis of a defective jury instruction. On appeal, the trial court's order granting a new trial was affirmed. On rehearing, the court of appeals en banc affirmed. We transferred the case to this court to clarify what constitutes the basic elements of a bailor's cause of action for breach of contract when a bailee fails to return bailed property because he is no longer in possession of it.

Appellants are statutory trustees for Sinalco-American Corporation (hereinafter Si-

---

1. The award of $12,760 was apparently based on the loss of 85,000 bottle carrier cartons valued at fifteen cents each.

nalco). The facts are as follows: Sinalco delivered bottles, bottle caps, soft drink concentrate, and bottle carrier cartons to respondent's warehouse for storage. In 1974, Sinalco owed accumulated storage charges of $1,359.52, and respondent so notified it and threatened private sale for $250. Sinalco informed respondent that it was unable to pay all the storage charges but that it would pay 25% or $340 of the storage charges as a better deal to respondent than the sale. Thereafter, respondent agreed to accept payment of 25% of amounts claimed as storage charges "as final settlement of all charges due." Sinalco then paid respondent $340.

In preparation for removal of the stored items, Sinalco discovered certain bottle carrier cartons (85,000) were no longer in respondent's warehouse. Respondent was not able to locate or return the bottle carrier cartons. No explanation of the loss was disclosed. At trial, appellants' verdict directing instruction required the jury to find:

"First, Defendant agreed to store for Sinalco American Corp. 486 cases of bottle carrier cartons until Sinalco American Corp. requested such cartons be returned to it; and

"Second, Sinalco American Corp. agreed to pay Defendant a storage charge for the storage of the 486 cases of bottle carrier cartons; and

"Third, Sinalco American Corp. placed in storage at Defendant's warehouse 486 cases of bottle carrier cartons; and

"Fourth, Defendant failed to return said 486 cases of bottle carrier cartons when Sinalco American Corp. requested the same be returned; and

"Fifth, Plaintiffs were thereby damaged."

Respondent contends appellants' verdict directing instruction should have required the jury to find Sinalco had performed its obligations under the bailment contract. Respondent argues that Sinalco did not perform the original contract to pay the full amount of storage charges, that a claimed contract modification or novation decreas-

ing the amount of storage charges is invalid for lack of consideration, and that the failure to submit to the jury the issue of Sinalco's performance invalidates the jury's verdict for appellants. The trial court agreed and granted respondent's motion for a new trial.

The issue in this case is, then, whether, as an essential part of a bailor's cause of action for breach of a bailment contract, the bailor's verdict directing instruction must submit the question of the bailor's performance of his duties under the contract if that issue is contested.

Respondent cites *Freeman v. Foreman*, 141 Mo.App. 359, 125 S.W. 524 (1910) to support its contention that the jury instruction was defective. Respondent particularly relies on the following language:

"It is familiar law that in bailment cases it is not necessary to plead negligence. All that is necessary is for plaintiff to allege the contract of bailment *and his compliance therewith*, and a failure of defendant upon demand, to return the property, or its return in an injured condition."

125 S.W. at 526. (emphasis supplied). *Freeman* was, however, an action based on negligence and not on breach of the bailment contract. The court's language is, therefore, dictum.

■ Appellants cite three cases in support of their position that it is unnecessary for a bailor to plead his own compliance with the bailment contract: *Broadview Leasing Co. v. Cape Central Airways, Inc.*, 539 S.W.2d 553 (Mo.App.1976); *Crow Contracting Corp. v. George F. Smith Co.*, 407 S.W.2d 593 (Mo.App.1966); and *Nuell v. Forty-North Corp.*, 358 S.W.2d 70 (Mo.App. 1962). The following language from *Nuell, supra* at 76, forms the basis of appellants' argument:

"The correct rule seems to be that if the bailor merely pleads the bailee's breach of the contract by failure to redeliver ... the burden of proof is on the bailee to excuse or explain his failure to return the property."

The cases cited by appellants have as their focus the burden of proof. None have the

bailor's lack of compliance with the bailment contract as an issue. Nevertheless, it is the above rule from *Nuell* that we adopt.

■ Our decision is reinforced by decisions in analogous cases. In *Dilworth v. McKelvy*, 30 Mo. 149 (1860) and in *Beall v. Ingersoll*, 203 Mo.App. 555, 219 S.W. 672 (1923), the courts recognized that a bailee has only a special interest in the bailed property and that a judgment for the bailee should not exceed his special interest in the property.

In the present case, the value of respondent's alleged special interest was whatever money appellants owed on the storage fees. At most, Sinalco owed $1,359.52 minus the $340 payment, or $1,019.52 (plus interest). If we were to adopt respondent's position, respondent's special interest, if it exists, would defeat the verdict and the $12,760 damages awarded appellants by the jury.

A more equitable request is suggested by another analogous case, *Kegan v. Park Bank of St. Joseph*, 320 Mo. 623, 8 S.W.2d 858 (1927). In *Kegan*, the court held that a pledgor was free to sue a pledgee for conversion of notes put up as collateral even though the principal debt was still outstanding (and apparently greatly exceeded the value of the notes). The court held that there was no need for the pledgor to tender the amount of the principal debt as a condition precedent to suing when the collateral could not be returned.

■ The pledgee in *Kegan* was not, however, without means to recover on the debt owed it. The court found that the pledgee was free to seek a counterclaim or setoff. 8 S.W.2d at 872. We believe that such a course of conduct would have been appropriate here. It would have permitted the controversy to be settled in one action. We see no need to require two lawsuits in every bailment case—the first to determine what, if anything, the bailor owes and the second to recover the value of the lost property after tender of the amount found due in the first lawsuit.

■ Another course of conduct is available in cases such as the one at bar. If storage charges are due, a bailee, such as respondent can assert a warehouseman's lien under § 400.7–209, RSMo 1978.[2] He may retain the goods or sell them.[3] If an action is brought against the bailee, he can assert his enforcement of its lien as a defense to his non-delivery. *See* § 400.7–403(1)(c). Respondent, however, denied at trial that its non-delivery was in enforcement of a lien. The goods had "mysteriously disappeared."

■ A bailee is also free to show that his non-delivery was due to the destruction, loss, etc. of the goods from a cause for which he is not liable. *See* § 400.7–403(1)(b). Respondent made no such showing.

We reverse and remand with directions to reinstate the verdict and judgment for plaintiffs as of the date of original entry.

All concur.

---

2. Unless otherwise indicated, all statutory citations are to RSMo 1978.

3. If a warehouseman sells the goods pursuant to a lien, he must return, on demand, any proceeds from the sale in excess of the value of his lien, to the person who would have been entitled to delivery of the goods, but for the lien. Section 400.7–210(6). This is in accord with the above discussion of a bailee's special interest in bailed goods in *Dilworth v. McKelvey, supra* and *Beal v. Ingersol, supra*.