K.C. LANDSMEN, L.L.C., Respondent,

v.

Verna J. LOWE–GUIDO, Appellant.

No. WD 58147.

Missouri Court of Appeals,
Western District.

Jan. 30, 2001.

---

Philip Grubaugh, Kansas City, for Appellant.

Gary Steinman, Gladstone, for Respondent.

HOLLIGER, Presiding Judge.

Verna J. Lowe–Guido appeals the order of the Circuit Court of Jackson County, Missouri, granting partial summary judgment in favor of defendant Kansas City Landsmen doing business as Budget

Rent–A–Car ("Budget") on its claims for property damage and indemnification arising from a rental contract between the parties. On appeal, Ms. Lowe–Guido asserts that the trial court erred for the following reasons: (1) the waiver and indemnity provisions of the contract were unconscionable and unenforceable because the contract was one of adhesion; (2) the indemnity provision was unenforceable because it did not clearly and unequivocally provide for the indemnification of Budget's own negligence; (3) Budget failed to establish that she, as bailee of the vehicle, did not exercise due care in protecting the bailed vehicle; (4) Budget failed to establish the value of the vehicle because it did not account for the diminution of its value arising from its engine problems, and Budget was estopped from making claims for the property damage of the vehicle because Budget retained the sums paid by her for the loss damage waiver; and (5) the damages provision of the contract was unconscionable and unenforceable because the contract was one of adhesion. Because we find that genuine issues of material fact exist, we reverse and remand.

## FACTS and PROCEDURAL HISTORY

On July 3, 1996, Tracey Hanks arranged for the rental of a passenger truck from Budget. Because his credit card limit was insufficient for him to rent the vehicle, he contacted Ms. Lowe–Guido, his sister, for assistance. Ms. Lowe–Guido arrived at the Budget office, signed the rental contract, and the parties went on their way. The rental contract contained a loss damage waiver provision, and Ms. Lowe–Guido purchased this coverage at a rate of $16.99 per day.

On the same day, July 3, 1996, Tracey Hanks drove the rented truck to Arkansas, towing another vehicle behind it. He testified that the truck experienced mechanical problems during the trip. Hanks took the vehicle to a service station and was advised that no problem could be found. He continued, however, to experience difficulties throughout the weekend, and on Monday was advised by Budget to try to get it to another Budget office to get another vehicle.

On Monday, July 8, 1996, Hanks set out for Fayetteville on his way back to Kansas City. He was towing the same vehicle he had towed on the July 3 trip to Arkansas. As he topped a hill, he testified, the truck's engine died and the truck was left without power steering or brakes. An accident resulted in which Tracey Hanks and his passenger, Danny Hanks, were injured, and in which the truck was damaged beyond repair.

Budget sued Ms. Lowe–Guido for breach of contract. Danny Hanks sued both Tracey Hanks and Budget for injuries he sustained in the accident. Budget settled the negligence claim of Danny Hanks for $37,500 and sought indemnification from Ms. Lowe–Guido for that payment. Budget also sought from Ms. Lowe–Guido reimbursement for property damage to the vehicle and attorney fees. At issue are the following provisions of the rental contract.

**4. *PROHIBITED USES OF VEHICLE.* Renter agrees that the vehicle shall not be used or operated in any of the following ways and that any such violation shall constitute a breach of this Agreement:**

\* \* \*

**h. to tow or push anything.**

**6. *RENTER'S RESPONSIBILITY FOR LOSS OF OR DAMAGE TO THE VEHICLE.* If vehicle suffers any loss or damage due to collision, theft, vandalism, acts of nature, fire or for any cause while on rental, Renter is liable for and shall pay to Budget the amount of any such loss or damage regardless of fault or negligence. *EX-**

CEPTION: *In the event of losses or damages sustained by Budget, if (1) Renter and all Authorized Drivers are IN FULL COMPLIANCE with all of the terms or conditions of paragraph 4(a) through (h) of this Agreement, and (2) Renter accepts loss damage waiver at the time of rental, then Renter's liability for damages and losses due are WAIVED by Budget. LOSS DAMAGE WAIVER IS NOT IN-SURANCE OR A SUBSTITUTE FOR INSURANCE.*

**14. BUDGET'S DAMAGES. If Budget suffers any kind of expense or loss, including Attorneys' fees in the defense of claims, demands, litigation or other actions of any kind or nature whatsoever arising out of or directly or indirectly related to the use or possession of the Vehicle during the term of this Agreement, brought by any party other than Renter or an Authorized Driver, Renter shall reimburse Budget for any and all such expenses and losses unless prohibited by applicable law. If Renter breaches the Agreement, Renter agrees to indemnify and hold Budget harmless for all losses, expenses and/or damages suffered by Budget, including without limitation, all actual, incidental and consequential losses or damages, reasonable attorneys' fees, loss of use of the Vehicle (to be calculated in accordance with the stated "MIN/MAX RENTAL" rates shown on the reverse side of this Agreement), and any towing expenses incurred by Budget.**

On November 4, 1999, on cross motions for summary judgment, the court overruled Ms. Lowe–Guido's motion and granted Budget partial summary judgment on the issue of liability, finding that there were no material facts in dispute as to whether Ms. Lowe–Guido breached her contract with Budget. The parties proceeded to a non-jury trial on the issue of damages and, on December 10, 1999, the trial court issued judgment in favor of Budget in the amount of $59,904.75. This appeal follows.

## STANDARD OF REVIEW

When considering an appeal from summary judgment, the court reviews the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (citations omitted). Facts in support of a party's motion, set forth by affidavit or otherwise, are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the appropriateness of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law, which we review *de novo. Id.* As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.* Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 377.

## DISCUSSION

In Point I, Ms. Lowe–Guido argues that the trial court erred in giving effect to the waiver and indemnity provisions of the contract because it was an adhesion contract, unconscionable and therefore unenforceable. Because we reverse on other grounds, we do not address the merits of this point.

In Point II, Ms. Lowe–Guido argues that she was not, as a matter of law,

contractually obligated to indemnify Budget for the $37,500 paid to Danny Hanks to settle his negligence claim against Budget, because the contract did not clearly and unequivocally provide for indemnification of Budget's own negligence. We agree. In Missouri, "a contract of indemnity will not be construed so as to indemnify one against loss or damage resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms." *Kansas City Power & Light Co. v. Federal Const. Corp.*, 351 S.W.2d 741, 745 (Mo. 1961). Paragraph 14 of the rental contract reads as follows:

> *"BUDGET'S DAMAGES.* If Budget suffers any kind of expense or loss, including Attorney's fees, in the defense of claims, demands, litigation or other actions of any kind or nature whatsoever arising out of or directly or indirectly related to the use or possession of the Vehicle during the term of this Agreement, brought by any party other than Renter or an Authorized Driver, Renter shall reimburse Budget for any and all such expenses and losses unless prohibited by applicable law. If Renter breaches the Agreement, Renter agrees to indemnify and hold Budget harmless for all losses, expenses and/or damages suffered by Budget, including without limitation, all actual, incidental and consequential losses or damages, reasonable attorneys' fees, loss of use of the Vehicle . . ."

Even Budget concedes that this language does not contain clear and unequivocal language of Ms. Lowe–Guido's agreement to indemnify Budget for its own negligence. Budget suggests, however, that the trial court properly found Ms. Lowe–Guido contractually liable, for several other reasons: (1) there is no evidence Budget was negligent (Danny Hanks' allegation alone that Budget was negligent is not proof); (2) the indemnity provision is clear and unambiguous, and a

contract using plain and unequivocal language must be enforced as written, *Lake Cable, Inc. v. Trittler,* 914 S.W.2d 431, 436 (Mo.App.1996), and a contract for indemnity is construed to cover all losses, damages or liability it reasonably appears to have been intended to cover, *Knowles v. Moore,* 622 S.W.2d 803, 806 (Mo.App. 1981); and (3) Ms. Lowe–Guido waived the affirmative defense of Budget's own negligence by failing to plead it.

■ Budget urges that we not reach the central issue because there was no proof of Budget's negligence. We disagree. The summary judgment record showed that Danny Hanks sued Budget alleging negligence only. Budget does not suggest that there is any other source of its liability to Hanks (for which it seeks indemnification) other than its own negligence. That there was a settlement rather than a legal determination of its negligence is of no consequence under the facts. There is no claim by Budget that its payment was made voluntarily. There is no requirement that a separate determination of liability be made where the indemnitee makes a good faith settlement of the injured party's claim. *Missouri Pacific Railroad Co. v. Rental Storage and Transit Co.,* 524 S.W.2d 898, 908 (Mo.App.1975).

■ We also disagree with Budget's contention that Ms. Lowe–Guido cannot contest the indemnity provision because she did not raise Budget's negligence as an affirmative defense. Budget's negligence was the underlying basis for its claim for indemnity, not a defense of avoidance to some other basis for indemnity.

■ Budget misses the mark, however, because the only issue is whether the contract contains a clear and unequivocal expression of Ms. Lowe–Guido's intent to indemnify Budget for its own negligence, i.e., specific language by which Ms. Lowe–Guido agreed to indemnify Budget against

its own negligent acts. After careful consideration, we conclude that it does not. Moreover, the phrase, "Renter agrees to indemnify and hold Budget harmless for all losses, expenses and/or damages suffered by Budget," is particularly broad and indefinite. Broad, and seemingly all-inclusive language is not sufficient to impose liability for the indemnitee's own negligence. *Kansas City Power & Light,* 351 S.W.2d at 745. "Indeed, it would take clear language to show that a contract of indemnity was intended to cover conditions or operations under the control of the party indemnified, and not under the control of the indemnifying party, such, for instance, as accidents, the proximate cause of which is the negligence of the party indemnified." *Id.* (quoting *Missouri Dist. Tel. Co. v. Southwestern Bell Tel. Co.,* 338 Mo. 692, 93 S.W.2d 19, 28 (1935)). "[I]n the absence of such clear expression or where any doubt exists as to the intention of the parties," Missouri will not construe a contract of indemnity to indemnify against the indemnitee's own negligence. *Parks v. Union Carbide Corp.,* 602 S.W.2d 188, 190 (Mo. banc 1980). Accordingly, we decide that, as a matter of law, the indemnity provision of the rental contract was unenforceable because it did not clearly and unequivocally provide for the indemnification of Budget's own negligence. The trial court should have granted Ms. Lowe–Guido's cross-motion for summary judgment on the claim for indemnification for Danny Hanks' personal injuries.

In Point III, Ms. Lowe–Guido argues that the trial court erred in granting summary judgment against her because Budget failed to establish that she, as bailee of the vehicle, did not exercise due care in protecting the bailed vehicle. We agree that the trial court erred in granting summary judgment on this issue, but not for the reasons articulated by Ms. Lowe–Guido.

■ A "bailment" in its ordinary legal sense signifies a contract resulting from the delivery of a thing by the bailor to the bailee with the condition that it be restored to the bailor in accordance with his directions as soon as the purpose for which it was bailed is satisfied. *W. County Internal Medicine, Inc. v. Domian Standard Serv.,* 725 S.W.2d 116, 118 (Mo. App.1987). In an action by the bailor against the bailee for failing to return the bailed article in an undamaged condition, the bailor may proceed on alternate theories of general negligence, specific negligence, or breach of the bailment contract. *Broadview Leasing Co. v. Cape Cent. Airways, Inc.,* 539 S.W.2d 553, 560 (Mo.App. 1976). Where the bailor pleads and presents evidence of breach of the bailment contract by the bailee failing to return the article in an undamaged condition, the burden of proof is on the bailee to plead and prove due care on its part, "to excuse or explain his failure to return the property." *Thummel v. Krewson,* 764 S.W.2d 700, 705 (Mo.App.1989). "A bailee is also free to show that his non-delivery was due to the destruction, loss, etc. of the goods from a cause for which he is not liable." *Id.* (quoting *Church v. Richfer Corp.,* 618 S.W.2d 29, 31 (Mo. banc 1981)). Whether a bailee exercised due care is a question of fact rather than law. *Id.*

■ Here, Budget chose to proceed against Ms. Lowe–Guido on a claim of breach of the bailment contract. Therefore, the burden was on Ms. Lowe–Guido to show that she exercised due care with respect to the vehicle. We conclude that there was certainly an issue of fact with regard to whether Ms. Lowe–Guido exercised due care with respect to the vehicle or whether the non-delivery of the vehicle was attributable to the destruction or loss of it from a cause for which she is not liable. The trial court, therefore, erred in granting summary judgment in favor of Budget on the bailment claim.

Ms. Lowe–Guido raises two additional points, with regard to property damages

and attorney fees awarded to Budget. We need not address those complaints, however, in light of our decision to remand the case for a trial on the merits. First, because we have determined that the contract does not provide for indemnification of Budget's own negligence, an award of attorney fees for defending that claim simply cannot stand. Secondly, because we have determined that a material issue of fact remains as to whether Ms. Lowe–Guido exercised due care on the breach of the bailment contract claim, the award of property damages and attorney fees resulting from that claim likewise cannot stand. And finally, since the award of attorney fees is for both the negligence and property damage claims, and is not apportioned between them, it is inappropriate.

We reverse and remand to the trial court for entry of judgment for Ms. Lowe–Guido on Budget's claim for indemnification for Danny Hanks' personal injuries and for trial on the bailment claim for damage to the vehicle.

LOWENSTEIN and NEWTON, JJ., concur.